Christopher D. Palmieri, Esq.
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8221
cpalmieri@jaspanllp.com
*Attorneys for 5th Avenue Mixed Use LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| CHU H. KWON, et al.[1], | Case No. 19-44290 (ESS)<br>Jointly Administered |
| Debtor. | Hon. Elizabeth S. Stong |

------------------------------------------------------------X

**RESPONSE TO DEBTORS' LIMITED OBJECTIONS TO CONFIRMATION OF THE PLANS OF REORGANIZATION OF CREDITOR 5TH AVENUE MIXED USE LLC**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:

5th Avenue Mixed Use LLC (the "Secured Creditor" and/or "Plan Proponent"), by its undersigned attorneys, Jaspan Schlesinger LLP, respectfully submits this response to the *Limited Objections* [ECF No. 44] (the "Objection") of debtors, 4811 Associates LLC ("4811 Associates"), 5505 Associates LLC ("5505 Associates") and 5507 Associates LLC ("5507 Associates," together with 4811 Associates and 5505 Associates, the "Debtors"), in these jointly administered Chapter 11 cases (the "Chapter 11 Cases"), to Confirmation of Secured Creditor's Plans of Reorganization for Debtors.

---

[1] A list of the Debtors in these chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.

## BACKGROUND

1.  The facts and background of this matter are set forth in the Disclosure Statements ("Disclosure Statements") and Plans of Reorganization ("Plans") of Secured Creditor for each of the respective Debtors which were filed with the Court on January 14, 2020[2], to which this Court is respectfully referred. Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plans and Disclosure Statements.

## PRELIMINARY STATEMENT

2.  The Objection, which is devoid of any case law or statutory authority is also devoid of any legal basis, in law or in fact, for this Court to either deny or delay the Secured Creditor's entitlement to entry of an Order confirming the Secured Creditor's respective Plans.

3.  By and through the Objection, the Debtors have completely failed to meet their burden in demonstrating why the Secured Creditor's Plans should not be confirmed pursuant to 11 U.S.C. § 1129, when they fail to get into the merits of the Secured Creditor's Plans, and instead baldly request a 90 day adjournment of the hearing on confirmation.

4.  In support thereof, the Debtors propose that they are in the midst of discussions concerning a joint venture and a refinance of the existing Loans with the Secured Creditor in a sum that is at least $1,400,000.00 less than the indebtedness due to the Secured Creditor as of the date hereof. Absent from the Objection is any possibility of the Debtors proposing <u>any</u> distribution to creditors of the Debtors' estates in the face of the Secured Creditor's Plans which

---

[2] With respect to 4811: Disclosure Statement (Docket No. 28) and Plan (Docket No. 29); 5505: Disclosure Statement (Docket No. 30) and Plan (Docket No. 31); and 5507: Disclosure Statement (Docket No. 32) and Plan (Docket No. 33). Chu H. Kwon filed a Chapter 11 bankruptcy petition on July 12, 2019. Secured Creditor has not filed a Disclosure Statement or Plan of Reorganization with respect to Kwon's individual bankruptcy case.

proposes to pay a one-hundred percent distribution to holders of Allowed Claims of the Debtors respective estates.

5. Thus, it is clear that the Debtors are unable to file a plan that has a reasonable possibility of being confirmed within a reasonable time, and their request for an adjournment disguised as an Objection must be overruled.

6. Particularly troubling is the fact that after failing to take any actions to move this case toward confirmation during the **240 days that this case will be pending** at the time of the hearing on Confirmation of the Secured Creditor's Plans, the Debtors now seek to interrupt the momentum created by the Secured Creditor without offering a scintilla of documentary evidence that they have put any serious thought or effort into their attempt to disrupt confirmation of the Secured Creditors Plans.

## THE RESPONSE

7. This Court should confirm the Plans of the Secured Creditor and overrule the Objection for each of the following reasons. First, on January 23, 2020, this Court entered that certain *Corrected Order Conditionally Approving Secured Creditor's Disclosure Statements and Scheduling Hearing* [ECF No. 40] (the "Order"), which Disclosure Statements propose payment in full to holders of Allowed Claims. Indeed, the Order set a deadline for all parties in interest to file objections to the Disclosure Statements and Plans for February 20, 2020 by 4:00 p.m. Notwithstanding, the Debtors filed their Objection on February 28, 2020 (Docket No. 44). Thus, the Objection was untimely and should be overruled.

8. Next, the Debtor's Objection fails to provide the Secured Creditor, parties in interest or the Court with any framework for a better outcome by way of distribution to creditors of the Debtors' respective estates than the distribution contemplated under the Plans.

9. Instead, the Debtors' Objection offers nothing more than speculation and fails to set forth any basis for denial of confirmation of the Plans.[3]

10. In point of fact, the Objection serves only to support the confirmation of the Plans because it demonstrates that the Debtors lack the wherewithal to put forth their own Plan that has a reasonable possibility of being confirmed within a reasonable time.

11. Assuming, *arguendo*, that Debtors had provided even a single piece of documentary evidence to support their allegations that an un-named investor were willing to enter into a joint venture with Debtors and provide a loan in the amount of $5,500,000.00, which they have completely failed to do at this late stage, the purported loan amount to be obtained by the Debtor is insufficient to satisfy the Secured Creditor's Claim much less provide a single dollar of distribution to creditors of the Debtors respective estates.

12. In addition, notwithstanding the Debtors' request to stay confirmation for a period of 90 days without any legitimate basis therefore, there is no equity for the Debtors to save assuming they could pull together this purported joint venture exit strategy. To be sure, the Secured Creditor filed proofs of claim in each of the Debtors' proceedings in the amount of $5,987,415.33, as of the Petition Date. As of the anticipated effective date of the Plans (March 31, 2020), the Secured Creditor's Claim (with all protective advances) has accrued to the sum of approximately $6,904,196.96 as of the date of confirmation.

13. Notwithstanding the fact that the Debtors, through their principal, Chu H. Kwon, produced copies of appraisals for the Properties which set forth the fair market values of the Properties as $2,200,000.00 (4811 5th Avenue), $2,300,000.00 (5505 5th Avenue) and $2,400,000.00 (5507 5th Avenue) for a total value for the three Properties of approximately

---

[3] The Objection fails to mention any basis whatsoever for denial of final approval of the Disclosure Statements.

$6,900,000.00[4] at the Debtors § 341 Meeting of creditors, there is no equity for the Debtors to rescue, by way of their alleged future competing Plans, which is also the reason that the Debtors will be unable to refinance the existing Loans.

14. The purported loan sought by Debtors, which is insufficient to satisfy the Secured Creditor's Claim, is also wholly insufficient to satisfy the other creditor's claims in these proceedings, including secured real property tax claims, claims of the City of New York, and general unsecured claims, amongst others. These other claims total approximately $141,454.81.

15. Debtors provide no specifics as to how they believe they will be able to put forth confirmable plans, other than that they "will engage the Secured Creditor in an attempt to negotiate a restructuring of [Debtors'] debt obligations, including the Mortgage . . .". Nevertheless, the Secured Creditor has no intention of accepting a short payoff from the Debtors.

16. Thus, there is no reason to delay confirmation of the Secured Creditor's Plans, which will satisfy all Allowed Claims of creditors in full, and thereby maximizing recovery for all of the Debtors' creditors.

17. The Objection merely seeks to delay the resolution of these proceedings, allowing the Properties to decline further in value, to the detriment of all of the creditors of Debtors' estates.

18. In fact, Debtors have not even been fulfilling their obligations as Chapter 11 Debtors during the course of these proceedings. In point of fact, they have failed to file a single monthly operating report, despite the fact that these proceedings having been commenced almost eight (8) months ago.

---

[4] Secured Creditor believes that the values of the Properties have been and continue to be declining due to circumstances which include, but are not limited to, the Debtors collective failure to maintain the Properties, failure to advance for taxes, insurance, water and sewer charges, debt service to the Secured Creditor, and in large part, due to changes in New York rent stabilization laws affecting the Properties.

19. Finally, upon information and belief, the Debtors have similarly failed to stay current on their quarterly payments to the United States Trustee's Office.

20. As such, it is respectfully submitted that this Court should overrule the Debtor's baseless Objection, and enter an Order confirming the Plans of the Secured Creditor.

Dated: Garden City, New York
       March 5, 2020

                              JASPAN SCHLESINGER LLP
                              *Attorneys for Plan Proponent*

                              By: _____
                                 Christopher D. Palmieri, Esq.
                                 300 Garden City Plaza, 5th Floor
                                 Garden City, New York 11530
                                 (516) 393-8221