UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

    CHU H. KWON, et al. [1]

                  Debtor.

Chapter 11
Case No. 1:19-44290-ess
(Jointly Administered)

------------------------------------------------------------------X

**PROFFER BY AFFIDAVIT OF DAVID AVIRAM IN SUPPORT OF
5TH AVENUE MIXED USE LLC'S COMPLIANCE WITH 11 U.S.C. § 1129[2]**

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NEW YORK  )

**DAVID AVIRAM**, being duly sworn deposes and says:

1. I am a Manager of 5th Avenue Mixed Use LLC (the "Secured Creditor" or "Plan Proponent"), a secured creditor and interested party of 4811 Associates LLC ("4811"), 5505 Associates LLC ("5505") and 5507 Associates LLC ("5507", together with 4811 and 5505, the "Debtors"), and as such I have personal knowledge of the facts set forth herein below. By and through this Affidavit, if called to testify, I would testify under oath as set forth below, from my own personal knowledge and information provided to me by the Secured Creditor's employees, professionals, from my review of business records maintained by the Secured Creditor in the ordinary course of its regularly conducted business activities, from my knowledge concerning the operations and financial affairs of Secured Creditor and the Debtors, and as an expert on the financial affairs, management and operation of Secured Creditor.

2. I submit this offer of proof to demonstrate Secured Creditor's compliance with 11

---

[1] A list of the Debtors in these chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.
[2] Capitalized terms used herein but not otherwise defined shall have the same meanings ascribed to them as set forth in the Plans and/or Disclosure Statements (as defined herein).

U.S.C. § 1129, in support of: confirmation of its Plan of Reorganization for 4811 in Case No. 1:19-44263-ess [ECF No. 33] (the "4811 Plan") dated January 14, 2020 and for final approval of the Disclosure Statement to 5th Avenue Mixed Use LLC's Plan of Reorganization for 4811 [ECF No. 32] (the "4811 Disclosure Statement") dated January 14, 2020 in Case No. 1:19-44263-ess; confirmation of its Plan of Reorganization for 5505 in Case No. 1:19-44264-ess [ECF No. 31] (the "5505 Plan") dated January 14, 2020 and for final approval of the Disclosure Statement to 5th Avenue Mixed Use LLC's Plan of Reorganization for 5505 [ECF No. 32] (the "5505 Disclosure Statement") dated January 14, 2020 in Case No. 1:19-44264-ess; confirmation of its Plan of Reorganization for 5507 in Case No. 1:19-44265-ess [ECF No. 33] (the "5507 Plan", together with the 4811 Plan and the 5505 Plan, the "Plans") dated January 14, 2020 and for final approval of the Disclosure Statement to 5th Avenue Mixed Use LLC's Plan of Reorganization for 5507 [ECF No. 32] (the "5507 Disclosure Statement", together with the 4811 Disclosure Statement and the 5505 Disclosure Statement, the "Disclosure Statements") dated January 14, 2020 in Case No. 19-44265; and the Plans and Disclosure Statements having been duly transmitted to creditors and equity security holders, and upon the hearing to be held before this Court on March 6, 2020 (the "Confirmation Hearing"), and the Court having found that the requirements for confirmation of the Plans set forth in 11 U.S.C. § 1129(a) have been satisfied at the Confirmation Hearing.

### A.    Sources of Evidence of Compliance with 11 U.S.C. § 1129

3.    <u>Judicial Notice</u>. The Secured Creditor asks the Court to take judicial notice of all documents filed in Debtors' bankruptcy cases, including proofs of claim.

4.    <u>Proffered Testimony and Background</u>. The Debtors consist of ownership and operation of the Properties (as defined below), and the Debtors are New York Domestic Limited Liability Companies. As explained more fully below, the Properties generate substantially all of

the Debtors' income and on which Properties, no substantial business is being conducted by the Debtors, other than the business of operating the Properties and activities incidental thereto.

5. On or about October 11, 2018, Debtors, as borrowers, entered into that certain Note Consolidation and Modification Agreement with Emerald Creek Capital 3, LLC ("Emerald"), as lender, in the original principal sum of $4,900,000.00 (the "Note").

6. To secure repayment of the indebtedness evidenced by the Note, on or about October 11, 2018, Debtors, as mortgagors, executed and delivered to Emerald, that certain Mortgage Consolidation and Modification Agreement (the "Mortgage", and together with the Note and all other documents evidencing the Loan, the "Loan Documents"), which encumbered certain real properties located at: (i) 4811 5th Avenue, Brooklyn, New York 11220 (Block 775; Lot 4) ("4811 Property"); (ii) 5505 5th Avenue, Brooklyn, New York 11220 (Block 832; Lot 7) (the "5505 Property"); and (iii) 5507 5th Avenue, Brooklyn, New York 11220 (Block 832; Lot 6) (the "5507 Property", together with the 4811 Property and the 5505 Property, the "Properties"), in the original principal sum of $4,900,000.00. The duly executed Mortgage was recorded with the Office of the City Register of the City of New York (the "City Register") on October 24, 2018 under CRFN 2018000355037.

7. On or about May 29, 2019, the Note, Mortgage and all other documents associated with the Loan were assigned from Emerald to the Secured Creditor pursuant to that certain Assignment of Mortgage (the "Assignment").

8. The Secured Creditor is the owner and holder of the Note, Mortgage, and any and all other Loan Documents evidencing this loan and/or that were delivered and/or executed in connection with the subject loan as such may have thereafter been modified or amended.

9. The Debtors defaulted under the terms of the Note and Mortgage by, failing to tender the monthly payment as required under the terms of the Note and Mortgage on or about April 1, 2019 and all subsequent payments thereafter (the "Default").

10. As a result of the Debtors' Default and failure to cure same, the Secured Creditor sought to exercise its right to foreclose on the pledge of membership interests given by the Debtors' principal, Chu K. Kwon, via that certain *Pledge and Security Agreement* and dated as of October 11, 2018, which was duly executed and delivered to Emerald (at the time the Loan was originated, along with all other Loan Documents), by conducting a commercially reasonable public sale of those membership interests on July 15, 2019 (the "Interests Sale").

**The Debtors' Bankruptcy Filing**

11. To thwart the Interests Sale, on July 11, 2019 (the "Petition Date"): (i) 4811 filed a petition for Chapter 11 bankruptcy relief before this Court under Case No. 1-19-44263-ess; (ii) 5505 filed a petition for Chapter 11 bankruptcy relief before this Court under Case No. 1-19-44264-ess; and (iii) 5507 filed a petition for Chapter 11 bankruptcy relief before this Court under Case No. 1-19-44265-ess (collectively, the "Petitions").

12. On the Petition Date, the Debtors filed skeletal petitions. All outstanding schedules were filed by the Debtors by July 31, 2019. The Debtor's Statement of Financial Affairs indicates that Kwon is the Debtors' managing member.

13. In addition, in its Petitions and schedules, the Debtors identify the Secured Creditor as holding a first mortgage on the Properties. The Debtors also identify SN Funding LLC as holding an unliquidated, disputed claim secured by a purported mortgage on the Properties, however, this mortgage is not recorded and SN Funding LLC has not filed a proof of claim prior to the Bar Date.

14. In addition, the Debtors identify the Internal Revenue Service ("IRS"), New York City Department of Finance ("NYCDOF") and NYS Department of Tax & Finance as holding an unsecured priority claims in unknown amounts.

15. In addition to the Secured Creditor, the New York City Water Board, IRS, New York City Office of Administrative Trials and Hearings and NYCDOF have all filed proofs of claim.

16. On September 4, 2019 the Debtor, through its principal, appeared with counsel for the Meeting of Creditors pursuant to Bankruptcy Code §341(a) ("341 Meeting"). At the 341 Meeting, Debtor provided copies of appraisals for the Properties. Pursuant to the appraisal provided, the 4811 Property had a fair market value of $2,200,000.00, the 5505 Property had a fair market value of $2,300,000.00 and the 5507 Property had a fair market value of $2,400,000.00.

17. On October 25, 2019, the Court entered an Order pursuant to § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1015, directing the procedural consolidation and joint administration of this proceeding with the following three other Chapter 11 proceedings before this Court: In re: Chu H. Kwon, Case No.: 1:19-44290-ess; In re: 5505 Associates LLC, Case No.:

1:19-44264-ess; and In re: 5507 Associates LLC, Case No.: 1:19-44265-ess. The cases have been jointly administered by Order Granting Motion for Joint Administration [ECF No. 21] of this Court under Case No. 1:19-44290-ess.

**Secured Creditors' Plans and Disclosure Statements**

18. On January 14, 2020, the Secured Creditor filed its 4811 Plan and Disclosure Statement, 5505 Plan and Disclosure Statement, and 5507 Plan and Disclosure Statement. On January 23, 2020, the Bankruptcy Court entered an Order (a) Conditionally Approving the Secured Creditor's Disclosure Statements and Scheduling a Hearing to Consider Final Approval and (b) setting a Hearing on Confirmation of the Plans (the "Scheduling Order"). In connection with the Scheduling Order, an objection deadline was set of February 20, 2020 at 4:00 p.m., and no parties in interest objected by the deadline set forth in the Scheduling Order. The Hearing date was subsequently adjourned by the Court to March 6, 2020.

19. On February 28, 2020, a flimsy Limited Objection (the "Limited Objection") to the Plans and Disclosure Statements was filed by the Debtors. The Limited Objection fails to contain any meaningful basis as to why the Secured Creditors Plans should not be confirmed, and requests that this Court adjourn the Hearing date for final approval of the Disclosure Statements and confirmation of the Plans for three months, while the Debtors (i) attempt to secure a loan in an amount which is insufficient to satisfy the subject mortgage loan by more than $400,000.00, and through an alleged investor who has only agreed in principal to enter into a joint venture agreement with the Debtors, and (ii) are in the process of negotiating a loan from an investor to Debtors, which will be incorporated into the terms of a competing Chapter 11 Plan. Nowhere in the Limited Objection have the Debtors demonstrated that their efforts will produce a more favorable outcome than that set forth in the Secured Creditors Plans and Disclosure Statements,

nor have the Debtors supplied any documentary evidence supporting any of the allegations contained in the Limited Objection whatsoever. This is particularly unpersuasive in view of the fact that the Debtors have failed to take any actions required of a Chapter 11 debtor during the (approximately) 240 days that these cases have been pending, including, without limitation, filing monthly operating reports.

20. The below, summarizes the Secured Creditor's compliance with 11 U.S.C. § 1129.

**B.    Compliance with 11 U.S.C. § 1129**

21. 11 U.S.C. § 1129(a)(1). A review of the Plan, together with my proffer of testimony by and through this Affidavit, will show that the Secured Creditor has satisfied 11 U.S.C. § 1129(a)(1). The Plan complies with the mandatory Plan requirements set forth in 11 U.S.C. § 1123(a), and all Plan provisions are permitted by 11 U.S.C. § 1123. The Plan provides for the Plan Proponent or its designated nominee, to purchase the Properties from the Debtors in accordance with the provisions of the Bankruptcy Code, pursuant to a private sale (the "Sale") pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 6004(f), with a closing of such Sale immediately following Confirmation of the Plan.

22. In addition, the Plan Proponent or its nominee shall take title to the respective Properties free and clear of all liens, claims and encumbrances, except that their election ownership shall be subject to the respective Mortgage at their option.

23. In furtherance of the Plan, the Secured Creditor has agreed to provide a Cash Contribution which is comprised of the Secured Creditor's cash contribution of $247,904.81[3] (the "Cash Contribution"), which the Secured Creditor intends use to satisfy certain allowed claims of

---

[3] Of this amount, the Secured Creditor has intended for payments in amounts not in excess of the following: 1) anticipated bankruptcy fees to the United States Trustee's Office ($83,950.00), 2) NY Claims ($92,236.09), 3) Priority tax claims ($38,618.72), 4) outstanding estimated Administrative Claims, consisting of Debtors' attorney's fees ($22,500.00) and 5) general unsecured claims ($10,600.00).

creditors of the Debtors' estate as they pertain to the Loan and obligations of the Debtors which fall upon the Secured Creditor in relation to the Properties, including allowed administrative claims and tax claims which may have been accruing since the commencement of this case.

24. The Plan also complies with Bankruptcy Code § 1124. Valid business, legal and factual reasons exist for the separate classification of each of the classes of claims created and treated under the Plan. The claims in each class are substantially similar to the other claims in the same class. The Plan Proponent is the Debtors' only secured mortgagee[4] and is separately classified as such. In addition, all priority taxes are separately classified as are all claims from New York City and New York State as shall be paid by the Secured Creditor. In addition, all unsecured non-priority claims are in the same class.

25. <u>11 U.S.C. § 1129(a)(2)</u>. To the best of my knowledge, both the Secured Creditor and the Debtor have complied with the requirements of the Bankruptcy Code, although, the Debtor has not maintained its requirement to file monthly operating reports on a timely basis. The documents on file in this bankruptcy case, the Secured Creditor's Disclosure Statements and Plans, the Corrected Order Conditionally approving the Disclosure Statements and fixing the Plans' confirmation deadlines, the Notice of Corrected Order Conditionally approving the Disclosure Statements and fixing the Plans' confirmation deadlines and the certificate of service of each of the aforementioned documents, establish that Bankruptcy Code §1129(a)(2) has been satisfied.

26. <u>11 U.S.C. § 1129(a)(3)</u>. The Plans, Disclosure Statements, and proofs of claim filed by the Secured Creditor reflect, that as of the Petition Date, the Debtors' principal indebtedness owed to the Secured Creditor consisted of approximately $5,987,415.33, which is

---

[4] Which holds a recorded mortgage and has filed a proof of claim.

CDP/D1445551v1/M077065/C0184290

estimated to have accrued to be an amount in excess of $6,904,196.96 as of the date of closing on the Sale and which is secured by a single mortgage lien against the Properties, owned by the Debtors, including any and all improvements thereon. As of the anticipated closing date, it is estimated that the anticipated bankruptcy fees to the United States Trustee's Office will be $83,950.00, New York Claims will be $92,236.09, outstanding estimated Administrative Claims which contemplates payment of Debtors' counsel's anticipated legal fees, will be $22,500.00, Priority Tax Claims will be $38,618.72, and general unsecured claims will be $10,600.00, all of which will be paid in full by the Plan Proponent who has worked in good faith toward confirmation of the Plans.

27. Proceeds generated from the Sale, in addition to the Cash Contribution, will be utilized by the Plan Proponent to fund Distributions under the Plan as necessary to satisfy one-hundred (100%) percent of all Allowed Claims of creditors of the Debtors in full with appropriate interest.

28. Through the Sale, the Plan Proponent, or its nominee, shall take title to the respective Properties free and clear of all liens, claims and encumbrances pursuant to §§ 363(f) and 1123(a)(5) of the Bankruptcy Code. In addition, the Plan Proponent shall utilize the Cash Contribution to pay Allowed Claims.

29. The Plan Proponent has proposed the Plan in good faith and not by any means known to be forbidden by law. Since the Plan effectively satisfies all allowed claims of creditors in full, all creditors holding allowed claims are deemed to have accepted the Plan and no solicitation of acceptances of the Plans was necessary. This testimony establishes that Bankruptcy Code § 1129(a)(3) has been satisfied.

30. <u>11 U.S.C. § 1129(a)(4)</u>. The Secured Creditor is unaware of any payments made

by the Debtors to any professional person for services or for costs and expenses in connection with this bankruptcy case which has not been approved by this Court. There are no persons issuing securities or acquiring property under the Plans other than the Plan Proponent, and as such the Plans are subject to the approval of this Court. Thus, Bankruptcy Code § 1129(a)(4) has been satisfied.

31.   11 U.S.C. § 1129(a)(5). The Secured Creditor has fully and accurately disclosed in the Disclosure Statements under the section entitled *Treatment of Claims and Interests* classified under the Plans, all Equity Interests of the Debtors will be terminated as of the Effective Date of the Plans. Thus, Bankruptcy Code §1129(a)(5) has been satisfied.

32.   11 U.S.C. § 1129(a)(6). In connection with the Plans, neither the Debtors nor the Secured Creditor shall have the need to charge any rate that is subject to the jurisdiction of any governmental regulatory commission which would require it to seek such commission's approval of any rate changes. Thus, Bankruptcy Code § 1129(a)(6) has been satisfied.

33.   11 U.S.C. § 1129(a)(7). With respect to an analysis of the expected proceeds after a liquidation of the Debtor's assets in the hypothetical event that all of Debtor's assets were to be liquidated pursuant to chapter 7 of the Bankruptcy Code, the Secured Creditor refers the Court to the Liquidation Analysis included in the Disclosure Statements. For purposes of the Liquidation Analysis, the Secured Creditor has assumed that this Chapter 11 case would have been converted to a case under Chapter 7 on the Plans' Effective Date, that a Chapter 7 Trustee were appointed, that the Trustee would sell the Properties pursuant to a public auction. In this regard, the liquidation analysis reflects a reasonable estimate of liquidation values; and, based on the amount of secured debt held by creditors and the nature of their collateral and the tax liabilities resulting from the sale of the collateral, holders of unsecured non-priority claims likely would receive less

CDP/D1445551v1/M077065/C0184290

than 100% of the amount of their allowed claims in a chapter 7 liquidation. By contrast, under the Plans, such holders are to receive 100% of their allowed claims with interest on the Effective Date. Thus, Bankruptcy Code § 1129(a)(7) has been satisfied.

34. <u>11 U.S.C. § 1129(a)(8)</u>. Since all creditors will be paid in full on the Effective Date, the Plan contains no impaired classes of claims. Therefore, the Secured Creditor has satisfied Bankruptcy Code § 1129(a)(8), and it is not necessary for the Secured Creditor to satisfy the Bankruptcy Code § 1129(b) requirements as to any dissenting classes.

35. <u>11 U.S.C. §1129(a)(9)</u>. The Plans provide that each allowed administrative claim is to be paid in full in Cash on the Effective Date of the Plan, or when the claim is allowed, unless the holder of the claim agrees otherwise. The Plan also provides that each tax claim will be paid the full allowed amount of its claim, on the Effective Date, with interest. The Plan similarly provides that holders of allowed unsecured non-priority claims are to be paid in full on the Effective Date with interest. There are no non-accepting classes of claims of a kind specified in Bankruptcy Code §§ 507(a)(1), (a)(4), (a)(5), (a)(6) or (a)(7). Therefore, the Secured Creditor has satisfied Bankruptcy Code § 1129(a)(9).

36. <u>11 U.S.C. § 1129(a)(10)</u>. In light of the Secured Creditor's ability to pay all allowed claims of creditors in full, there are no impaired classes of creditors who could reject the Plan. Therefore, Bankruptcy Code § 1129(a)(10) has been satisfied

37. <u>11 U.S.C. § 1129(a)(11)</u>. Since the Secured Creditor is purchasing the Properties from the Debtors by way of the Plans, the Plans are not likely to be followed by the liquidation or need for further financial reorganization of the Debtors. Thus, Bankruptcy Code § 1129(a)(11) has been satisfied.

38. <u>11 U.S.C. § 1129(a)(12)</u>. The Plans provide that the Plan Proponent shall remit all

11

outstanding payments to the United States Trustee with interest on the Effective Date. Thus, Bankruptcy Code § 1129(a)(12) has been satisfied.

39. <u>11 U.S.C. § 1129(a)(13)</u>. Upon information and belief, the Debtors did not prior to or after their Chapter 11 filings provide any retiree benefits to any of their employees. Thus, Bankruptcy Code §1129(a)(13) is not applicable and therefore has been satisfied.

40. <u>11 U.S.C. § 1129(a)(14) and (15)</u>. Since the Debtors are domestic limited liability companies, Bankruptcy Code §§ 1129(a)(14) and (15), which relate to domestic support obligations and required payments by individual debtors, are not applicable and therefore are satisfied.

41. <u>11 U.S.C. § 1129(a)(16)</u>. The transfer of the Properties to the Secured Creditor, shall be effectuated at a closing to happen as soon after Confirmation as practicable in accordance with any applicable provisions of non-bankruptcy law that governs the transfer of real property by a limited liability company. Thus, Bankruptcy Code § 1129(a)(16) is satisfied.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Secured Creditor respectfully requests that this Court enter an Order Confirming the Secured Creditor's Plans of Reorganization for the Debtors.

_____
David Aviram, Manager

Sworn to before me this
__31__ day of March, 2020

_____
Notary Public

JASON LEIBOWITZ
Notary Public, State of New York
No. 02LE6167517
Qualified in Suffolk County
Commission Expires 7/22/23

## Appendix

| # | Debtor Name | Case No. | Last 4 Digits of EIN |
|---|---|---|---|
| 1. | 4811 Associates LLC | 19-44263 | 9576 |
| 2. | 5505 Associates LLC | 19-44264 | 9596 |
| 3. | 5507 Associates LLC | 19-44265 | 9544 |

CDP/D1445551v1/M077065/C0184290