**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
Charles E. Simpson (csimpson@windelsmarx.com)
David Lopez (dlopez@windelsmarx.com)

*Proposed Attorneys for Debtor and
    Debtor-In-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| CHU H. KWON, et al., | Case No. 19-44290 (ESS) |
|  | Case No. 19-44263 (ESS) |
|  | Case No. 19-44264 (ESS) |
| Debtors.[1] | Case No. 19-44265 (ESS) |
|  | Jointly Administered |

**DECLARATION OF CHARLES E. SIMPSON IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO THE DEBTORS**

      **CHARLES E. SIMPSON**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

      1.    I am a member of the Bar of the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, the Appellate Division of the Supreme Court of the State of New York, First Department, and the firm of Windels Marx Lane & Mittendorf, LLP, proposed attorneys for Chu H. Kwon ("Kwon") and the affiliated debtors and debtors-in-possession (collectively, the "Debtors"), in the above-referenced Jointly Administered Chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases (collectively, the "**Debtor**"), along with the last four digits of each Debtor's federal taxpayer-identification number are: 4811 Associates LLC (9576), 5505 Associates LLC (9596), and 5507 Associates LLC (9544).

{11807046:1}

2. I submit this declaration (the "Declaration") in Support of the Motion ("Motion") of Windels Marx Lane & Mittendorf, LLP ("Windels Marx") for an Order Pursuant to Local Bankruptcy Rule 2090-1(d) for Leave to Withdraw as Counsel to the Debtors in the Chapter 11 Cases.

3. On July 11, 2018 (the "Petition Date"), each of the affiliated Debtors commenced the above-captioned cases and on July 12, 2019, Chu H. Kwon, individually, commenced the above-captioned case (the "Chapter 11 Cases"), by filing voluntary petitions for relief with this Court under chapter 11 of title 11 of the United States Code. The Chapter 11 Cases were procedurally consolidated for administrative purposes. Each of the Debtors continues in possession of its property, and operates and manages its business, as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On July 25, 2019, each of the affiliated Debtors filed an Application for an Order Authorizing the Retention and Employment of Windels Marx Lane & Mittendorf, LLP, *Nunc Pro - Tunc* to the Petition Date (the "Retention Applications"). The Retention Applications were granted by this Court, with instructions to upload a Proposed Order Authorizing the Employment and Retention of Windels Marx Lane & Mittndorf, LLP (the "Proposed Order") in each of the Chapter 11 Cases. To date, although uploaded as directed by the Court, the Proposed Order has not been entered by this Court.

5. As Counsel to the Debtors, Windels Marx to date continues to ensure that all required documents have been filed in the Chapter 11 Cases and that the Debtors have timely complied with requests (the "requests") from the Office of the United States Trustee, except for the ongoing requests by Windels Marx for the Debtors to: (i) become current on Monthly Operating Reports and Quarterly U.S. Trustee Fees, (ii) file a retention application for accountant,

and (iii) Amend the Debtors' Statement of Financial Affairs, none of which have been completed by the Debtors. However, the Debtors have been advised of the urgency of these matters. Windels Marx has made multiple phone calls and sent multiple emails to Mr. Kwon, on behalf of the Debtors, detailing these requests. Windels Marx has spent an extraordinary amount of time, effort and resources to ensure that the Debtors comply with these requests. However, the Debtors are not responsive and continue to ignore counsel's requests.

6. The Debtors continue to ignore timelines imposed by the Court and communicate with Windels Marx as to the reason for those delays.

7. As a result, Windels Marx requests that it be granted leave to withdraw as counsel and give the Debtors a reasonable opportunity to retain new counsel.

### The Chapter 11 Plan Process – Still Awaiting Closure

8. On December 16, 2019, Mr. Kwon met with a potential investor, Ramin Adhoot, at the offices of Windels Marx to discuss the potential investment of $5,500,000.00 in the Debtors' business. The objective was to use the investment to pay off a significant portion of the approximately $5,900,000.00 mortgage encumbering each of the three (3) properties owned and operated by the affiliated Debtors (collectively, the "properties"). The remaining balance would be paid over a period of time under a Chapter 11 Plan of Reorganization. In exchange, the Debtors would transfer ownership of the properties to an investor-owned entity. The Debtors would retain an option to buy back a fifty (50%) percent interest in the properties at a cost of $2,250,000.00, or half the investment, within six (6) months of the transfer.

9. However, the proposed plan did not materialize within the Debtors' exclusivity period under 11 U.S.C. § 1121 to file and solicit acceptance of a plan of reorganization. Multiple efforts were made prior to and after the expiration of the exclusivity period to prepare and file a

proposed Chapter 11 Plan of Reorganization. However, the Debtors have not been able to confirm the terms of a proposed Chapter 11.

10. On January 17, 2020, this Court conditionally approved (i) the Disclosure Statement for 5th Avenue Mixed Use LLC's Chapter 11 Plan for Debtors: 5507 Associates, LLC, 4811 Associates, LLC, and 5505 Associates, LLC ("5th Avenue's Statement"), as containing adequate information, and authorizing that it be distributed to parties in interest by January 24, 2020.

11. On February 28, 2020, the Debtors filed Limited Objections to Confirmation of the Plan of Reorganization filed by 5th Avenue. The Debtors requested that the Court adjourn approval of the Disclosure Statement and confirmation of the Plan for three (3) months pending the Court's approval of a loan to the Debtors in the total amount of $5,500,000.00 (the "Loan"). The parties agreed in principal to enter into a Joint Venture Agreement ("JV Agreement"). However, the parties have not been able to memorialize the deal.

12. On March 6, 2020, a Status Conference and Confirmation Hearing (the "Hearing") was held in the Chapter 11 cases. After oral arguments and a settlement discussion between the parties, the hearing was adjourned to March 25, 2020. The hearing was subsequently adjourned to May 6, 2020 due to the COVID-19 pandemic.

13. At the Hearing, the Debtors were directed by the Court to: (i) become current on Monthly Operating Reports and Quarterly U.S. Trustee Fees by March 13, 2020, (ii) file a retention application for accountant by March 13, 2020, (iii) file the letter of commitment and proof of funds substantiating the third-party loan to the Debtors by March 16, 2020, and (iv) file a plan and disclosure statement by March 26, 2020. Despite multiple requests by counsel to obtain this

information, the Debtors have not been able to provide this information. Counsel made a subsequent request for an extension of time to comply with the Court's directives to no avail.

14. A Status Conference and Confirmation Hearing is currently scheduled for May 6, 2020. As of the date of this motion, the Debtors have not filed a competing Chapter 11 Plan of Reorganization.

15. Communications between counsel and the Debtor have broken down to the point where Windels Marx is being forced to file the Withdrawal Motion.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2020

/s/ Charles E. Simpson
CHARLES E. SIMPSON
