Christopher D. Palmieri, Esq.
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8221
cpalmieri@jaspanllp.com
*Attorneys for 5th Avenue Mixed Use LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| CHU H. KWON, et al.[1], | Case No. 19-44290 (ESS)<br>Jointly Administered |
| Debtor. | Hon. Elizabeth S. Stong |

-------------------------------------------------------------X

**OBJECTION TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEBTORS**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:

5th Avenue Mixed Use LLC (the "Secured Creditor"), by its undersigned attorneys, Jaspan Schlesinger LLP, respectfully submits this objection to the Motion for Leave to Withdraw as Counsel for Debtors [ECF No. 57] (the "Motion") of Windels Marx Lane and Mittendorf, LLP ("WMLM LLP"), counsel for debtors, Chu H. Kwon ("Kwon"), 4811 Associates LLC ("4811 Associates"), 5505 Associates LLC ("5505 Associates") and 5507 Associates LLC ("5507 Associates," together with 4811 Associates and 5505 Associates, the "Debtors"), in these jointly administered Chapter 11 cases (the "Chapter 11 Cases").

---

[1] A list of the Debtors in these chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.

5.  Similarly, the Debtors have repeatedly failed to file proof of the funds they alleged they would be in a position to contribute towards their reorganization, in derogation of the orders and express directives of this Court.

6.  It is of no surprise that none of the promised documents were forthcoming from the Debtors after considering the chances of the Debtors reorganizing in Chapter 11 through a plan filed and confirmed by the Debtors are slim to none at best.

7.  As such, any further delay will only inure to the detriment of the Secured Creditor who: (i) has been without any adequate protection payments since the Petition Date, while the Debtors continue to collect rental income at the Properties without turning same over to the Secured Creditors even though those rents are the Secured Creditor's cash collateral; and (ii) has been funding tax and insurance obligations at the Properties since the Petition Date.

8.  Now, on the eve of a long Confirmation of a Plan wherein the Secured Creditor is proposing to pay all obligations of the Debtors *in full* (including administrative expenses), the Debtors' counsel seeks to further delay this case as part of the Debtors' strategic attempt to buy additional time. This should not be countenanced.

9.  The Motion should be seen as nothing more than an attempt to further delay Confirmation and gain a little more time without any legal basis to obtain same.

10. Accordingly, the Motion should be denied.

### THE OBJECTION

11. The Secured Creditor's Plan has been met with the approval of the Office of the United States Trustee, and it is respectfully submitted that the Secured Creditor's Plan undoubtedly satisfies each of the obligations of the Secured Creditor pursuant to 11 U.S.C. § 1129 as established by the Secured Creditor's proffer previously filed with this Court.

12. As set forth hereinabove, despite repeated directives of the Court, Debtors have failed to comply with their obligations as Chapter 11 Debtors. Among other deficiencies, Debtors have failed to file their monthly operating reports and have failed to pay the quarterly United States Trustee's fees.

13. Further, despite filing limited objections to Secured Creditor's Disclosure Statements and Plans on the basis of a purported loan Debtors would be obtaining to satisfy Secured Creditor's Mortgage and pay the creditors of Debtors' estate, Debtors never provided to the Court (as directed by the Court) documents evidencing this purported loan.

14. Now that Debtors have exhausted their delay tactics and attempts to thwart the Secured Creditor's confirmation of the Plans, WMLM LLP has filed the Motion, which would only serve to further delay these proceedings.

15. The Debtors, each a limited liability company, cannot proceed in this case *pro se*. See Jones v Niagara Frontier Transp. Auth., 722 F2d 20 (2d Cir. 1983); In re 167 W. 133rd St. Hous. Dev. Fund Corp., 2018 Bankr. LEXIS 2909 (Bankr. S.D.N.Y. Sep. 25, 2018, No. 18-12043 (JLG)). Accordingly, the Motion cannot be granted unless and until the Debtors have substitute counsel to take the place of WMLM LLP.

16. Allowing the Motion to be granted without the Debtors having substitute counsel already in place will severely prejudice Secured Creditor by delaying these proceedings further, thus allowing the Properties to decline further in value[3], to the detriment of all of the creditors of Debtors' estates. In fact, it is the opinion of the Secured Creditor that the amount of the debt

---

[3] Secured Creditor believes that the values of the Properties have been and continue to be declining due to circumstances which include, but are not limited to, the Debtors' collective failure to maintain the Properties, failure to advance for taxes, insurance, water and sewer charges, debt service to the Secured Creditor, and in large part, due to changes in New York rent stabilization laws affecting the Properties.

owed to the Secured Creditor by Debtors in connection with the Mortgage has exceeded the value of the Properties.

17. To the extent that this Court elects to entertain the Debtors request, the Secured Creditor respectfully requests that the Order allowing the Debtors' counsel to be relieved be entered on a date which is subsequent to the date that the Order granting Confirmation becomes a Final Order. Further, to the extent that the Motion is granted, WMLM LLP should pay any unused portion of the retainer paid by the Debtors into the Debtors' Estate.

18. As such, it is respectfully submitted that this Court should deny the Motion, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
      May 22, 2020

                    JASPAN SCHLESINGER LLP
                    *Attorneys for 5th Avenue Mixed Use LLC*

                    By: /s/Christopher D. Palmieri
                        Christopher D. Palmieri, Esq.
                        300 Garden City Plaza, 5th Floor
                        Garden City, New York 11530
                        (516) 393-8221

## Appendix

| # | Debtor Name | Case No. | Last 4 Digits of EIN |
|---|---|---|---|
| 1. | 4811 Associates LLC | 19-44263 | 9576 |
| 2. | 5505 Associates LLC | 19-44264 | 9596 |
| 3. | 5507 Associates LLC | 19-44265 | 9544 |