UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                  Chapter 11

CHU H. KWON, et al.[1],                                  Case No. 1:19-44290 (ESS)
                                                        Jointly Administered

                              Debtor.

-----------------------------------------------------------------X


# 5TH AVENUE MIXED USE LLC'S <u>FIRST AMENDED </u>PLAN OF REORGANIZATION <u>FOR 5507 ASSOCIATES LLC</u>


**JASPAN SCHLESINGER LLP**
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
~~Frank C. Dell'Amore, Esq.~~
Christopher D. Palmieri, Esq.

*Attorneys for 5th Avenue Mixed Use LLC*


Dated:  Garden City, New York
        ~~January 14~~<u>May 22</u>, 2020

---

[1] A list of the Debtors in these chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.

5th Avenue Mixed Use LLC (the "Secured Creditor"), hereby proposes its *First Amended Plan of Reorganization for 5507 Associates LLC* (the "Debtor") dated ~~January 14~~May 22, 2020 (the "Plan") as and for a complete resolution of the Debtor's Chapter 11 case pursuant to §§ 1121, 1122 and 1123 of Title 11 of the United States Code.

## ARTICLE I

## DEFINITIONS

Unless the context otherwise requires (i) the terms set forth in this Article 1 shall have the following meanings when used in this Plan; (ii) any capitalized term that is used in this Plan and not defined in this Article 1 but that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning set forth therein; (iii) terms stated in the singular shall include the plural and vice versa; (iv) pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter; (v) all section, article and exhibit references in the Plan without reference to a particular document are to the respective section of, article of, or exhibit to the Plan; (vi) any reference to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions, means that such document shall be substantially in such form or substantially on such terms and conditions except as otherwise stated in the Plan; (vii) any reference to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; (viii) the words "herein", "hereof", "hereto" or "hereunder" and other words of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (ix) the rules of construction set forth in § 102 of the Bankruptcy Code shall govern construction of the Plan; and

2

(x) any reference contained herein to the Bankruptcy Code, or to any section of the Bankruptcy Code, refers to the Bankruptcy Code, or such section of the Bankruptcy Code, as it is existing and effective on the Petition Date, except to the extent, if any, that any post-Petition Date amendment to the Bankruptcy Code applies retroactively to cases filed on the Petition Date.

1.1.    **"Administrative Bar Date"** means (i) any date set by Order of the Bankruptcy Court subsequent to which a Proof of Administrative Claim is not timely filed, or (ii) the first day that is at least fifteen (15) days after Confirmation.

1.2.    **"Administrative Claim"** means a Claim for, or request for payment of, an Administrative Expense (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (ii) as to which any objection has been resolved by a Final Order to the extent such objection has been resolved in favor of the holder of such Claim, and (iii) which is not an Insured Claim.

1.3.    **"Administrative Expense"** means any cost or expense of administration of this Case, other than Bankruptcy Fees, allowable under §§ 503(b), 330 or 331 of the Bankruptcy Code.

1.4.    **"Administrative Tax Claim"** means a Claim of a Governmental Unit for taxes (or for interest or penalties related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date.

1.5.    **"Allowed Claim(s)"** means a Claim against the Debtor that (a) has not been disallowed pursuant to a Final Order and is not a Disputed Claim and (i) with respect to which a

Proof of Claim has been timely filed with the clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in its Schedules as liquidated in amount and not disputed or contingent

1.6.    **"Allowed Interest"** means an Interest in the Debtor that has not been disallowed and is not a Disputed Interest with respect to which (i) a Proof of Interest has been timely filed or, (ii) if no Proof of Interest has been timely filed, that has been or hereafter is listed by the Debtor in its Schedules as liquidated in amount and not disputed or contingent.

1.7.    **Auction"** means the auction to be conducted pursuant to the Bid Procedures in connection with the Sale.

~~1.7.~~ 1.8.    **"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time and effective as to cases filed on the Petition Date.

~~1.8.~~ 1.9.    **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of New York, or the United States District Court for the Eastern District of New York to the extent it withdraws the reference over all or any portion of this Case pursuant to § 157(d) of title 28 of the United States Code.

~~1.9.~~ 1.10.    **"Bankruptcy Fees"** mean all fees and charges assessed against the Estate under § 1930 of title 28 of the United States Code.

~~1.10.~~ 1.11.    **"Bankruptcy Rules"** mean (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, in either case, as now in effect or hereinafter amended.

~~1.11.~~ 1.12.    **"Bar Date"** means October 18, 2019, the date fixed by Order of the Bankruptcy Court entered on September 5, 2019 [docket item 26], subsequent to which date a

Proof of Claim may not be timely filed except as provided herein and/or in this accompanying disclosure statement.

1.13.   **"Bid Procedures"** means those procedures approved by the Bankruptcy Court which govern the conduct of the Auction for the Property, the qualification of bidders to bid at each Auction and other matters related thereto, which Bid Procedures shall be attached as an exhibit to the Disclosure Statement.

1.14.   **"Broker"** shall mean Rosewood Realty Group by Greg Corbin, President, the real estate broker that shall conduct the Auction, as selected by the Proponent and identified in the Bid Procedures.

~~1.12.~~ 1.15.   **"Business Day"** means any day other than a Saturday, Sunday, or other day on which commercial banks in New York, New York are authorized or required by law to close, or other Legal Holiday.

~~1.13.~~ 1.16.   **"Case"** means this case under chapter 11 of the Bankruptcy Code commenced by the Debtor in the Bankruptcy Court on the Petition Date and originally styled: In Re: 5507 Associates LLC, Case No. 19-44265-ess.

~~1.14.~~ 1.17.   **"Cash"** means lawful currency of the United States of America.

~~1.15.~~ 1.18.   **"Cash    Contribution"** means    Cash    in    the    amount    of $~~109,184.43~~113,000.00, which the Plan Proponent~~, or its nominee~~ has agreed to pay ~~to purchase~~in the ~~Property in addition~~event that Sales Proceeds are insufficient to cover all amounts needed to ~~satisfying claims~~pay holders of ~~all of~~Allowed Claims. To ~~Debtors creditors in full, and/or credit bidding~~extent not satisfied from the ~~amount of its Secured Claim, simultaneously~~

~~with the closing~~proceeds of the Sale, the Cash Contribution shall be utilized to pay all Allowed Claims, including Administrative Claims and Professional Fees, in full.

~~1.16.~~ 1.19.  **"Claim"** means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

~~1.17.~~ 1.20.  **"Class"** means a category of substantially similar Claims or Interests.

~~1.18.~~ 1.21.  **"Closing Date"** means the date of the closing of the ~~S~~sale of the Property to the Successful Bidder at which point title to the Property will be transferred to the Successful Bidder in accordance with the Sale Approval Order.

~~1.19.~~ 1.22.  **"Confirmation"** means the entry of the Confirmation Order.

~~1.20.~~ 1.23.  **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Bankruptcy Court, provided that (i) the Confirmation Order becomes a Final Order and (ii) the Confirmation Order is not stayed by an Order of a court of competent jurisdiction.

~~1.21.~~ 1.24.  **"Confirmation Order"** means an Order confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

~~1.22.~~ 1.25.  **"Creditor"** has the meaning ascribed to the term in § 101(10) of the Bankruptcy Code.

~~1.23.~~ 1.26.  **"Debtor"** means 5507 Associates LLC.

1.24. 1.27. **"Disbursing Agent"** means Jaspan Schlesinger LLP.

1.25. 1.28. **"Disclosure Statement"** means the First Amended *Disclosure Statement for the Plan of* Liquidation *Reorganization* *for 5507 Associates LLC* as submitted by the Secured Creditor, including all exhibits, attachments or amendments thereto, to be approved by Order of the Bankruptcy Court.

1.26. 1.29. **"Disputed Claim"** means (a) any claim that is listed in the Schedules as disputed, contingent or unliquidated and with respect to which no Proof of Claim has been filed; (b) any Claim that has not been disallowed and with respect to which an objection to the allowance thereof, in whole or in part, has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, to the extent that any such objection has not been resolved by a Final Order; provided however, that until the earlier of (i) the filing of an objection to a Proof of Claim or (ii) the last date to file objections to Claims as established by the Plan or by Final Order, a Claim shall be deemed to be a Disputed Claim in its entirety if, (A) the amount specified in the Proof of Claim exceeds the amount of any corresponding Claim listed in the Schedules; (B) any corresponding Claim listed in the Schedules has been scheduled as disputed, contingent or unliquidated; or (C) no corresponding Claim has been listed in the Schedules.

1.27. 1.30. **"Disputed Claim Reserve"** means the segregated account or accounts established by the Disbursing Agent pursuant to Section 7.7 of the Plan.

1.28. 1.31. **"Distributions"** means payment made by the Disbursing Agent from Cash supplied by the Plan Proponent to holders of Allowed Claims in the amounts set forth herein, on the Effective Date, or as soon thereafter as practicable.

CDP/D1460581v1/M077065/C0184290

1.29. ~~"Effective Date" means the Closing Date of the sale of the Property or such earlier date as may be designated by the Disbursing Agent.~~

1.32. <u>**"Effective Date"** means the date upon which the following conditions have been met (unless waived by the Plan Proponent): the Confirmation Order in form and substance satisfactory to the Plan Proponent in its sole discretion shall have been entered; and all actions required to be taken to implement the Confirmation Order including but not limited to the transfer of title to the Property at the Closing shall have occurred and any contribution necessary to fully fund the distributions provided for under this Plan shall have been deposited with the Disbursing Agent.</u>

~~1.30.~~—1.33. **"Emerald"** means Emerald Creek Capital 3, LLC.

~~1.31.~~—1.34. **"Estate"** means the estate created on the Petition Date pursuant to § 541 of the Bankruptcy Code.

~~1.32.~~—1.35. **"Final Order"** means a judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal located in one of the states, territories or possessions of the United States or the District of Columbia, that has not been stayed or that is no longer subject to appeal, certiorari proceeding or other proceeding for review or rehearing, and as to which no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending.

~~1.33.~~—1.36. **"Kwon"** means Chu H. Kwon, the Debtor's alleged Managing Member.

~~1.34.~~—1.37. **"Governmental Unit"** means the United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title),

8

a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

1.35.  1.38.  **"Insider"** means an insider of the Debtor as determined in accordance with § 101(31) of the Bankruptcy Code.

1.36.  1.39.  **"Insider Claim"** means an Allowed Claim held by or behalf of an Insider or any successor in interest or assignee thereof.

1.37.  1.40.  **"Interest"** means an equity interest holder in the Debtor.

1.38.  1.41.  **"Interest Holder"** means the holder of an Equity Interest in the Debtor.

1.39.  1.42.  **"Legal Holiday"** means a Legal Holiday as that term is defined in Bankruptcy Rule 9006(a).

1.40.  1.43.  **"Lien"** means lien as defined in § 101(37) of the Bankruptcy Code.

1.41.  1.44.  "**Mortgage**" means each and every mortgage, assignment of rents, security agreement, spreader agreement and/or any such other documents, if any, including but not limited to that certain Mortgage Consolidation and Modification Agreement dated October 11, 2018 (including such agreements affected thereby), between the Debtor, 5505 Associates LLC and 4811 Associates LLC[2] and with Emerald Creek Capital 3, LLC which was thereafter assigned to the Secured Creditor, evidencing a Claim against the Debtor on account of the Property to secure the Note.

1.42.  1.45.  **"New York Claims"** means, collectively, the Claims of New York City Department of Taxation and Finance, New York State for outstanding property taxes and the

---

[2] 5505 LLC and 4811 LLC are debtors under separate Chapter 11 Bankruptcy proceedings which have been consolidated with the instant proceeding for joint administration, as discussed more fully herein.

9

New York City Water Board, the NYC Department of Housing Preservation and Development (for environmental control board violations), in connection with the Property, the holders of the Class 3 New York Claims.

1.43.  1.46.  **"Note"** means, collectively, each and every agreement, guaranty, promissory note, including amendment or modification thereof, or allonge thereto, including but not limited to that certain Note Consolidation and Modification Agreement dated October 11, 2018 between Debtor, 5505 LLC, 4811 LLC and Emerald, as lender, in the original principal sum of $4,900,000.00, which was thereafter assigned the Secured Creditor, evidencing a Claim against the Debtor on account of the Property.

1.44.  1.47.  **"Order"** means an order of the Bankruptcy Court.

1.45.  1.48.  **"Petition Date"** means July 11, 2019, the date on which the Debtor commenced its Case by the filing of its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

1.46.  1.49.  **"Plan"** means this First Amended Plan of Reorganization for 5507 Associates LLC, as it may be amended, supplemented or modified from time to time, including any exhibits or schedules annexed hereto or required to be filed with the Bankruptcy Court pursuant hereto.

1.47.  1.50.  **"Plan Proponent"** means the Secured Creditor.

1.48.  1.51.  **"Priority Claim"** means that portion of a claim other than a Priority Tax Claim, an Administrative Claim, a Secured Claim or Bankruptcy Fees, to the extent entitled to priority under § 507 of the Bankruptcy Code.

~~1.49.~~ 1.52. **"Priority Tax Claim"** means an Claim of a Governmental Unit of the kind specified in § 507(a)(8) of the Bankruptcy Code.

~~1.50.~~ 1.53. **"Professional"** means all professionals employed by the Debtor under § 327 of the Bankruptcy Code.

~~1.51.~~ 1.54. **"Professionals' Fees"** means compensation for services rendered, and reimbursement of expenses incurred by Professionals as awarded by Final Order following application in accordance with §§ 330 and 331 of the Bankruptcy Code.

~~1.52.~~ 1.55. **"Proof of Claim"** means a proof of Claim filed pursuant to § 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

~~1.53.~~ 1.56. **"Property**" means the real property and improvements thereon located at 5507 5th Avenue, Brooklyn, New York 11220 (Block 832; Lot 6). Upon information and belief, the Property consists of a four-story, walk-up mixed building containing six residential apartment units and two commercial retail units.

~~1.54.~~ 1.57. **"Properties**" means collectively, the Property, 5505 5th Avenue, Brooklyn, New York (Block: 832, Lot: 7) and 4811 5th Avenue, Brooklyn, New York (Block: 775, Lot: 4).

~~1.55.~~ 1.58. **"Released Entity"** means, individually and collectively, the Debtor, the Successful Purchasers, their Interest Holders, and each of their respective directors, officers, shareholders, members, partners, agents, employees, representatives, attorneys and other professionals, subsidiaries and affiliates, and any successor in interest in any of them.

~~1.56.~~ 1.59. **"Reorganized Debtor"** means the Debtor after the Effective Date.

CDP/D1460581v1/M077065/C0184290

1.57.—1.60.   **"Sale"** means a ~~private~~public sale of the Property ~~from the Debtor to the respective Plan Proponent,~~ pursuant to ~~11 U.S.C. § 363, and Federal Rule of Bankruptcy Procedure 6004(f),~~the Bid Procedures with a closing of such Sale following Confirmation of the Plan subject to the terms and conditions contained in the Plan.

1.61.   **"Sale Approval Order"** means each of the orders approving the Sale of the Properties to the Successful Bidder(s).

1.58.—1.62.   **"Sale Proceeds"** means the proceeds received on account of the Sale of the Property, as approved by the Bankruptcy Court, which Sale shall be in accordance with § 363 of the Bankruptcy Code and which sale shall be free and clear of all liens, claims and encumbrances, with any liens attaching to the proceeds.

1.59.—1.63.   **"Schedules"** mean the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court in accordance with § 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules and any amendments thereto.

1.60.—1.64.   **"Secured Creditor"** means 5th Avenue Mixed Use LLC, the holder of the Secured Claim.

1.61.   ~~**"Cash Contribution"** means the amount that the Secured Creditor shall contribute to satisfy all allowed Claims in full on the Effective Date.~~

1.62.—1.65.   **"Secured Claim"** means an Allowed Claim, including all amounts, if any, allowed pursuant to § 506(b) of the Bankruptcy Code, to the extent that it is secured by a lien on property in which the Estate has an interest or that is subject to set-off under § 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest

12

in such property or to the extent of the amount subject to set-off, as applicable, as determined pursuant to § 506(a) of the Bankruptcy Code.

1.63.—1.66.  **"Successful ~~Purchaser~~Bidder"** means the ~~Secured Creditor and/or its nominee, upon~~bidder(s) who the ~~closing of~~Court determined made the ~~Sale of~~highest and/or best bid(s) for the ~~Property~~Properties and whose bid(s) are approved by the Court.

1.64.—1.67.    **"Priority Tax Claims"** means a Secured Claim for taxes or assessments held by a Governmental Unit, to the extent, if any, that such taxes and assessments are entitled to a security interest under applicable non-bankruptcy law.

1.65.—1.68.  **"Transfer Taxes"** means, without limitation, (i) Kings County or other applicable local Real Property Transfer Taxes, (ii) New York State mortgage recording taxes imposed under Article 11 of the New York State Tax Law, and (iii) and any and all other stamp taxes or similar taxes, which, but for the applicability of § 1146(c) of the Bankruptcy Code would be applicable, to any transfer made in accordance with, pursuant to, or in furtherance of the Plan.

1.66.—1.69.    **"Unsecured Claim"** means an Allowed Claim, including a deficiency claim, which is not an Administrative Claim, a Bankruptcy Fee, a Priority Claim, a Priority Tax Claim, a Secured Claim or a Secured Tax Claim.

1.67.—1.70.    **"5505 LLC"** means 5505 Associates LLC, the debtor in the Chapter 11 Bankruptcy proceeding which has been consolidated with the instant action for joint administration.

1.68.—1.71.    **"4811 LLC"** means 4811 Associates LLC, the debtor in the Chapter 11 Bankruptcy Proceeding which has been consolidated with the instant action for joint administration.

1.69.—1.72.    **"5505 5th Ave."** means the real property located at 5505 5th Avenue, Brooklyn, New York.

1.70.—1.73.    **"4811 5th Ave."** means the real property located at 4811 5th Avenue, Brooklyn, New York

1.71.—1.74.    **"5505 Bankruptcy"** means the Chapter 11 Bankruptcy proceeding captioned: In re: 5505 Associates LLC, Case No.:19-44264-ess which has been consolidated with the instant action for joint administration.

1.72.—1.75.    **"4811 Bankruptcy"** means the Chapter 11 Bankruptcy proceeding captioned: In re: 4811 Associates LLC, Case No.: 19-44263-ess which has been consolidated with the instant action for joint administration.

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

2.1    Pursuant to § 1123(a) of the Bankruptcy Code, the Plan does not classify Administrative Claims or Allowed Priority Tax Claims. Such Claims, to the extent they are Allowed Claims, shall receive the treatment provided in this Article 2 in full satisfaction, release and discharge thereof.

2.2    **Administrative Bar Date**. Except as otherwise provided in sections 2.2, 2.3 and 2.4 of the Plan, requests for Administrative Expenses must be filed no later than the

CDP/D1460581v1/M077065/C0184290

Administrative Bar Date. Holders of Claims for payment of Administrative Expenses that do not file requests for the payment of Administrative Expenses on or before the Administrative Bar Date, shall be forever barred from asserting such Claims against the Debtor or its Property.

2.3     **Professionals' Compensation and Reimbursement.**  All Professionals shall file final applications for approval of compensation and reimbursement of reasonable and necessary expenses pursuant to § 330 of the Bankruptcy Code no later than five (5) days after Confirmation.  Any such application timely filed shall be deemed to be a Proof of Administrative Claim.  Unless otherwise agreed by such claim holder in writing, on the Effective Date, the Disbursing Agent shall segregate sufficient cash to pay all such estimated compensation and expenses in full. Objections to any Professional's application for compensation or reimbursement must be filed and served upon such Professional, and the Disbursing Agent, no later than thirty (30) days after Confirmation.  Any such objection not timely filed and served shall be deemed to have been waived.

2.4     **Administrative Tax Claims.**  All Proofs of Administrative Claims for Administrative Tax Claims for which no bar date has otherwise previously been established, must be filed on or before fifteen (15) days following Confirmation by the applicable Governmental Unit.  Any holder of any Administrative Tax Claim that does not file a Proof of Administrative Claim by the applicable bar date shall be forever barred from asserting any such Administrative Tax Claim against the Debtor, its Property or the Successful ~~Purchasers~~Bidders, regardless of whether any such Administrative Tax Claim is deemed to arise prior to, on, or subsequent to the Effective Date.

Subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, all Administrative Tax Claims held by Governmental Units shall be paid, in Cash, in full either (i) on the Effective Date, or (ii) upon such other terms as may be agreed to, in writing, between the Disbursing Agent, and/or the Debtor and/or such Governmental Units on or before the Effective Date.

2.5    **Administrative Claims.** Subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, each Administrative Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in Cash in full on (i) the later of the Effective Date, the date payment of such Claim is due under the terms thereof or applicable law, or three business days after such Claim becomes an Administrative Claim or (ii) as may be otherwise mutually agreed in writing between the Disbursing Agent and the holder of such Claim; provided, however, that any Administrative Claim incurred by the Debtor in the ordinary course of its business shall be paid in full, or performed or resolved by the Debtor, in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto.

2.6    **Priority Tax Claims.** Subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of Priority Tax Claims, and except as may be otherwise mutually agreed in writing between the Debtor and such Governmental Units, all Priority Tax Claims shall be paid by the Disbursing Agent in Cash in full on the Effective Date.

2.7    **Bankruptcy Fees & Operating Reports.** The Debtor shall be responsible for the preparation and filing of monthly operating reports and post-confirmation status reports

16

which post-confirmation status reports shall be filed until the closing of the Debtor's Chapter 11 Case by means of a final decree, dismissal or conversion of this case, whichever is earlier. Within ten (10) days of the Effective Date, the Disbursing Agent shall file a closing report detailing all disbursements made at the closing on the Property. All fees and charges assessed against the Debtor under § 1930 of title 28 of the United States Code, and any applicable interest thereon, through dismissal, conversion or entry of a final decree, shall be paid by the Disbursing Agent, in Cash in full as required by statute from proceeds of the Sale.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

Except as otherwise provided in Article 2, Allowed Claims are classified as set forth in this Article 3. A Claim is in a particular Class designated herein only to the extent such Claim (i) fits within the description of such Class (and is in such other and different Class or Classes to the extent that the remainder thereof fits within the description of such other Class or Classes) and (ii) has not been paid, released or otherwise satisfied prior to the Effective Date.

3.1    **Class 1 – Priority Tax Claims.** Class 1 consists of all Allowed Claims, other than Administrative Claims or Bankruptcy Fees, of New York State for unpaid and outstanding income and/or corporate taxes allegedly owed by the Debtor. As of the date hereof, the New York City Department of Finance has filed a claim in the amount of $34,418.72 and the Internal Revenue Service has filed a claim, of which it has claimed priority in the amount of $4,200.00.

3.2    **Class 2 – Secured Creditor's Secured Claim**. Class 2 consists of the Secured Creditor's Allowed Secured Claim against the Property, which as of the Petition Date was

$5,987,415.33, and is estimated to have accrued to be an amount in excess of $6,904,196.96 as of the anticipated Effective Date.

3.3    **Class 3 - NY Claims.**  Class 3 consists of (a) the Secured Claim of the City of New York Department of Finance for any and all outstanding property taxes and water and sewer charges assessed against the Property, and (b) any Claims of the New York Department of Buildings and/or New York Department of Housing Preservation & Development and/or City of New York Department of Finance for environmental control board violations, as may be applicable to the Property, and any Allowed Claims which may be filed by New York State.  As of the date hereof, a secured claim has been filed by the New York City Water Board in the amount of $2,454.88, a secured claim has been filed by the New York City Office of Administrative Trials and Hearings in the amount of $1,025.00, a secured claim has been filed by the New York City Department of Finance in the amount of $6,605.83, and ~~there are~~real property taxes in the amount of approximately $25,000.00 ~~are~~ due to the New York City Department of Finance.[3]

3.4    **Class 4 – General Unsecured Claims.**    Class 4 consists of the General Unsecured Claims. As of the date hereof, a claim has been filed by the Internal Revenue Service in the amount of $4,200.00, and a claim of Con Edison has been identified in the Debtor's petition and schedules in the amount of $100.00.

3.5    **Class 5 – Equity Interests.** Class 5 consists of all Equity Interests in the Debtor.

---

[3] As of December 2019.

18

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

Allowed Claims in Classes 1, 2, 3, 4 and Equity Interests in Class 5 shall receive the following treatment under the Plan in full settlement, release and discharge thereof.

4.1    **Class 1 - Priority Tax Claims.**  As of the date hereof, the Internal Revenue Service has filed a claim, of which $4,200.00 is claimed as having priority, and the New York City Department of Finance has filed a claim in the amount of $34,418.72.  Holders of Class 1 Allowed Claims are unimpaired and are not entitled to vote, as any Allowed Priority Tax Claim will be satisfied in full.  Allowed Claims in Class 1 will be paid in full plus applicable post-petition interest on the Effective Date.

4.2    **Class 2 Secured Creditor's Secured Claim**.  ~~In full satisfaction, release and discharge of its Secured Claim~~[4],~~.~~Although the ~~Secured Creditor shall obtain fee title to~~exact sale price of the Property ~~free and clear of all liens, claims and encumbrances by virtue of its purchase of the Property through a combination of credit bidding its allowed secured claim and paying into the Cash Contribution.  The Secured Creditor's Secured Claim, which~~is currently unknown, it is estimated ~~to have accrued to~~ that the proceeds of the Sale will be insufficient to provide payment in ~~an amount in excess of $6,904,196.00 as~~ full of the ~~Effective Date, may be adjusted to include any and all post-petition charges, penalties, attorney's fees, accrued interest, protective advances and all~~ Secured Creditor's Secured

---

[4] ~~With respect to this proceeding.  The Plan Proponent is filing substantially identical plans in the 5505 Bankruptcy to sell 5505 5th Ave. and the 4811 Bankruptcy to sell 4811 5th Ave. The Secured Claim will not be fully satisfied until the sale of all three Properties is conducted.~~

Claim and the other ~~sums which~~ payments the Plan requires to be made (*i.e.*, payment in full of all Allowed Claim, Bankruptcy Fees and Allowed Administrative Claims).  In such circumstances, the Secured Creditor's Secured Claim will be paid up to the full amount of the Secured Creditor Claim (Class 2) attributable to the Mortgage, and the Secured Creditor ~~is entitled to pursuant to the Note and Mortgage incurred after the Petition Date.~~ will use the Cash Contribution to pay the Allowed Claims. The Secured Creditor shall only ~~become~~ obligated to pay the Cash Contribution at the closing of the Sale of the Property~~, but shall escrow the full amount of the Cash Contribution with the Disbursing Agent within one (1) bushiness day of Confirmation.~~  At the closing, the Property shall be conveyed to the Successful Bidder. In the event that the Successful Bidder is the Secured Creditor, then the Secured Creditor or its nominee shall take title to the Property, subject only to the Secured Creditor's existing Mortgage of record if the Secured Creditor so elects.   The Class 2 claimholder is impaired to the extent that it is not receiving the full amount of its claim and waives any right to a deficiency against the Debtor. The Class 2 claimholder supports the Plan~~, and~~as is ~~the~~a Plan Proponent.


4.3    **Class 3 – NY Claims.**  Class 3 consists of (a) the Secured Claim of the City of New York Department of Finance for any and all outstanding property taxes and water and sewer charges assessed against the Property, and (b) any Claims of the City of New York Department of Finance for environmental control board violations, as may be applicable to the Property, and any Allowed Claims which may be filed by New York State.  Specifically, Class 3 consists of the Secured Claim of the New York City Water Board for outstanding water charges

in connection with the Property in the amount of $2,454.88, the Secured Claim of the New York City Office of Administrative Trials and Hearings in the amount of $1,025.00 the Secured Claim of the New York City Department of Finance in the amount of $6,605.83 and ~~real~~ property taxes ~~of approximately~~in the approximate amount of $25,000.00 due to the New York City Department of Finance.[5] Allowed Claims in Class 3 will be paid in full plus applicable post-petition interest on the Effective Date.  Class 3 is unimpaired and not entitled to vote.

    4.4    **Class 4 – General Unsecured Claims.** Subject to the provisions of Article 7 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of all Allowed Unsecured Claims (including deficiency claims), on the Effective Date, each holder of an Allowed Unsecured Claim shall receive a distribution in an amount equivalent to one-hundred percent (100%) percent of their Allowed Unsecured Claims from the Disbursing Agent plus post-petition interest on account of their Allowed Claims at a rate of four percent (4.00%) per annum from the Petition Date.  The Internal Revenue Service has filed a proof of claim ~~of which~~in the amount of $4,200.00 ~~is listed as a general unsecured claim~~, and the Debtor has identified ~~Consolidated~~Con Edison ~~Company of New York Inc.~~ as an unsecured creditor in the approximate amount of $100.00.    Holders of Class 4 Allowed Claims are unimpaired and are not entitled to vote for or against the Plan.

    4.5    **Class 5 – Equity Interests**.  Equity interests shall be terminated on the Effective Date and shall not receive a distribution under the Plan on account of their interests.  Equity interests shall remain responsible for winding down the affairs of the

---

5 Though December 2019. The Plan Proponent will utilize the Cash Contribution to satisfy all real property taxes due with respect to the Properties pursuant to 11 U.S.C. §507.

Debtor subsequent to the Effective Date. The Debtor's schedules do not indicate, nor is the Secured Creditor aware, of the Debtor retaining anything other than the Property that would need to be administered by the reorganized Debtor. While Equity interest may be impaired, they are not entitled to vote.

## ARTICLE V

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1 **Rejection of Executory Contracts and Unexpired Leases.** On the Effective Date, all Executory Contracts and Unexpired Leases to which the Debtor is a party shall be deemed rejected in accordance with ~~§ 365 of the Bankruptcy Code, except those pertaining to leases between the Debtor and residential tenants at the Property. The Plan Proponent does not believe that there are any executory contracts and unexpired leases which would be subject to rejection. For the avoidance of doubt, only residential leases between the Debtor and tenants at the Property shall remain in full force and effect subject to their terms. In addition, on the Effective Date, the Debtor will provide the Plan Proponent, or its nominee, an assignment and assumption of all residential leases at the Property and the right to collect any and all rent arrears from such tenants.~~ Section 365 of the Bankruptcy Code (other than residential leases, which shall be assumed) unless the Executory Contract or Lease is listed as assumed and assigned to a Successful Bidder on a notice to be filed with the Bankruptcy Court (the "Assumption Notice"), with such notice being served by the Proponent on the counterparty to each such Executory Contract or Unexpired Lease, no later than twenty one (21) days prior to the Effective Date.

5.2    **Rejection Claims.**    Allowed Claims arising from the rejection of Executory Contracts and Unexpired Leases of the Debtor pursuant to Section 5.1 of the Plan shall be treated as Unsecured Claims.

5.3    **Bar to Rejection Claims.**    A Proof of Claim with respect to any Unsecured Claim for damages arising from the rejection of an Executory Contract or Unexpired Lease pursuant to Section 5.1 of the Plan must be filed with the Bankruptcy Court and served so that it is received by the Plan Proponent, the Disbursing Agent and the Debtor within fifteen (15) days after the later of (i) the date of entry of a Final Order approving such rejection (unless such Final Order expressly provides a Bar Date with respect to such Claim, in which event no Proof of Claim with respect to such Claim shall be deemed timely unless it is filed with the Bankruptcy Court and served in the manner provided in such Final Order), or (ii) Confirmation.  Any such Claim not timely filed and served shall be forever barred from assertion and may not be enforced against the Debtor, the Plan Proponent (or its nominee), the Successful Bidder, its successor, or its Property.

## ARTICLE VI

## MEANS OF PERFORMANCE AND IMPLEMENTATION OF THE PLAN

6.1    **Implementation.**    ~~The Disbursing Agent shall be appointed on the Confirmation Date, and the Plan Proponent shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan.  The Confirmation Order shall contain appropriate provisions, consistent with § 1142 of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any~~

~~instrument required to effect a transfer of the Property required by the Plan and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of the Plan.~~

~~Pursuant to § 1146~~a) The Plan Proponent has engaged the Broker who shall conduct the Auction of the Properties in accordance with the Bid Procedures and, thereafter, shall consummate the Sales of the Properties to the Successful Bidder(s) consistent with the Bid Procedures and each of the Sale Approval Orders.  The Broker's fees shall be paid from the proceeds of the Auction in the event that the Secured Creditor is the Successful Bidder, or from a buyer's premium in the event that the Secured Creditor is not the Successful Bidder.  The Plan Proponent will be authorized to file a notice of the results of each auction, together with any additional pleadings and exhibits as may be required, in order to obtain an order from the Bankruptcy Court approving such Sale and finding the good faith and non-collusive behavior of the Successful Bidder pursuant to Section 363(m) and (n) of the Bankruptcy Code, ~~the issuance, transfer, or exchange of any security and the making~~on seven days' notice.

(b) The Confirmation Order shall contain appropriate provisions, consistent with Section 1142 of the Bankruptcy Code that, among other things: (A) directs the Debtor to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of the Properties to the Successful Bidder and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of this Plan and if the Debtor refuses to execute or deliver or join in the execution or delivery of any such instrument, the Proponent shall be authorized to execute, deliver or join in the execution or delivery of such instrument on the Debtor's behalf; (B) directs the Debtor to transfer

24

all cash on hand to the Disbursing Agent immediately, which cash shall become part of the Available Cash; and (C) directs the Disbursing Agent, on or about the Effective Date, to make the payments required under this Plan to be made on or about the Effective Date.    Pursuant to Section 1146(a) of the Bankruptcy Code, the deeds conveying the Properties shall be an instrument of transfer in connection with or in furtherance of the Plan and shall not be subject to tax under any law imposing a stamp tax, real estate transfer taxTransfer Taxes, mortgage recording tax or similar tax, and, to the extent provided by Section 1146(a) of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.    All proceeds of the Auction shall be deposited with the Distribution Agent and become Available Cash.

6.2     The Plan Proponent shall have the protections afforded to them under the "good faith" purchase provisions of § 363(m) of the Bankruptcy Code and all stay provisions under Bankruptcy Rule 6004(h) or elsewhere will be waived.

6.3     **Sale of Assets.**   The Disbursing Agent shall execute any and all documents necessary to effectuate the transfer of title of the Property to the Plan Proponent at the closing of the Sale, including without limitation a Bargain and Sale Deed with Covenants, a Bill of Sale and all required transfer tax returns and ACRIS documents, and such Sale shall not be taxed under any law imposing a stamp or similar tax as provided for in § 1146(a) of the Bankruptcy Code. Pursuant to § 1123(a)(5)(D) of the Bankruptcy Code, the Property shall be sold to the Plan Proponent, or its nominee, free and clear of any and all Liens, Claims (including, but not limited to, claims of residential and commercial tenants), Encumbrances, Interests, bills, or charges

~~whatsoever, other than the usual and customary utility easements, if any, appearing as of record or as preserved in the Plan (subject only to the existing Mortgage and residential tenancies evidenced by a valid written lease).~~

~~6.4    **Vesting of Assets.**  (a) Except as otherwise provided in the Plan, on the Effective Date the Property shall vest in the Plan Proponent, or its nominee, free and clear of all Liens, Claims and encumbrances and any and all Liens, Claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date.~~

6.~~5~~6.3  **Intentionally Omitted.**

6.~~6~~6.4  **Funding.**  Except as set forth elsewhere in the Plan, all payments required to be made under the Plan shall be made by the Disbursing Agent in accordance with the terms of the Plan.  Except as set forth elsewhere in the Plan, the Plan will be funded from the <u>Sales Proceeds, and to the extent necessary, the </u>Cash Contribution.  At Closing, the Plan Proponent shall deliver the Cash Contribution to the Disbursing Agent, and the Disbursing Agent shall segregate sufficient Cash to pay or reserve for all payments that are to be made pursuant to the terms of the Plan.  The Cash Contribution shall be paid by the Plan Proponent to Jaspan Schlesinger LLP's IOLA account at Signature Bank at the closing of the Sale.  In addition, the Disbursing Agent shall retain sufficient funds in its IOLA account to pay all Allowed Claims in the amounts filed in the proofs of claim, plus all fees and expenses of professionals retained by court order (not to exceed $7,500.00~~) and~~), any fees due to the United States Trustee pursuant to 28 U.S.C. § 1930, and other Allowed unclassified and administrative Claims (other than unclassified claims of equity interest holders and their affiliates).

6.76.5  **Transfer of Assets.**  On the Effective Date, the Property shall be transferred to the Successful ~~Purchaser~~Bidder.

6.86.6  **Transfer Taxes.**  (a) Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer in connection with or in furtherance of the Plan shall be exempt and shall not be subject to tax under any law imposing a stamp tax, real estate Transfer Tax, mortgage recording tax or similar tax, and, to the extent provided by § 1146 of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax; (b) Pursuant to § 1142(b) of the Bankruptcy Code, the Confirmation Order shall direct the Register's office to record any recordable document executed in connection with the consummation of the Plan, without the payment of Transfer Taxes.  The Office of the Register of Kings County, and any applicable Register's Office in the State of New York or its municipalities and counties shall record any recordable document executed in connection therewith without the payment of any Transfer Taxes.

6.96.7  **Vesting of Assets.**  Except as otherwise provided in the Plan, at the Closing, the Property shall vest in the Successful ~~Purchaser~~Bidder free and clear of any and all liens, tenancies, Claims and encumbrances (other than usual and customary encumbrances such as utility easements and the like) against the Debtor that have not been expressly preserved under the Plan shall be deemed extinguished as of such date, *provided however*, ~~that at its election, the Successful Purchaser may elect to take title of the Property subject to the existing Mortgage of the Secured Creditor~~.

6.10 —**Execution of Documents.** ~~(a)~~ On the Effective Date, the ~~Disbursing Agent, and any necessary party thereto~~Debtor, shall execute, release~~,~~ and deliver all documents reasonably

necessary to consummate the transactions contemplated by the terms and conditions of theis Plan.

(b) Except as otherwise provided in the Plan, all assets transferred (i) by the Estate or (ii) by any non-debtor third party in accordance with the terms of the Plan shall be, as of the Effective Date, deemed to be free and clear of all Liens, Claims and encumbrances and any and all Liens, Claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date, *provided however*, that at its election, the Successful Purchaser may elect to take title of the Property subject to the existing Mortgage of the Secured Creditor.

6.116.8    (c)    Pursuant to §§Sections 105, 1141(c) and 1142(b) of the Bankruptcy Code, the Disbursing AgentDebtor shall be authorized to execute, in the name of any necessary party, any estoppel certificate, or any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance (including any Lien, claim or encumbrance that is to be released and satisfied upon compliance with the provisions of Article 5 of the Plan) not expressly preserved in theis Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation and if the Debtor refuses to execute or deliver any such documents or notices, the Proponent shall be authorized to execute such documents and/or notices on the Debtor's behalf, and the Confirmation Order shall expressly so provide.

6.126.9    **Filing of Documents.**  Pursuant to §§ 105, 1141(c) and 1142(b) of the Bankruptcy Code, each and every federal, state and local governmental agency or department,

28

shall be directed to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, and any and all notices of satisfaction, release or discharge or assignment of any Lien, Claim or encumbrance not expressly preserved by the Plan.

6.13~~6.10~~     **Preservation of Rights of Action.**  Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement entered into in connection with the Plan, the Debtor shall retain, and on the Effective Date shall be deemed to have assigned to the Reorganized Debtor or its designee, who may, in accordance with its determination of the best interest of the estate, enforce any claims, rights and causes of action arising under §§ 510 and 544 through 550 of the Bankruptcy Code or any similar provisions of state law, or any statute or legal theory.

**ARTICLE VII**

**PROVISIONS GOVERNING DISTRIBUTIONS**

7.1     **Disbursing Agent.**  Jaspan Schlesinger LLP shall act as Disbursing Agent, and shall make Distributions under the Plan for all Allowed Claims against the Debtor's Estate. The Disbursing Agent shall not be compensated for services rendered under the Plan and shall not be required to secure a bond.  The Disbursing Agent shall not incur any liability, other than for willful misconduct or criminal conduct, which liability shall be expressly limited to the period commencing from the Disbursing Agent's receipt of the Cash Contribution and ending on the date that all disbursements contemplated by the Plan have been distributed.  The Disbursing Agent shall **not** be deemed to be an officer, fiduciary or agent of the Debtor. Furthermore, the Disbursing Agent shall have the express authority to execute a deed to the Property and other

conveyance documents in place (including, but not limited to the appropriate transfer tax returns), and stead of members of the Debtor, or other authorized parties of the Debtor, and shall have no other powers or authority with respect to the Debtor. The Disbursing Agent shall have no obligation to file income tax returns or similar reports with the applicable taxing authorities, which obligations shall remain with the Debtor.    In addition to the foregoing, the Disbursing Agent shall be entitled to open and maintain an Interest on Lawyers Account (IOLA) with Jaspan Schlesinger LLP at an Eastern District of New York authorized depository.

7.2    **Timing of Distributions Under the Plan.**  Subject to Section 7.6 of the Plan, any payments, distributions or other performance to be made pursuant to the Plan on account of any Claim shall be deemed to be timely made if made on or within five (5) Business Days following the later of (i) the Effective Date or (ii) the expiration of any applicable objection deadline with respect to such Claim or (iii) such other times provided in the Plan.

7.3    **Method of Payment.**  Unless otherwise expressly agreed, in writing, all Cash payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank which is an authorized depository in the Eastern District of New York.

7.4    **Objection Deadline.**  Unless otherwise ordered by the Bankruptcy Court, any party in interest may object to the allowance of any Claim filed with the Bankruptcy Court in whole or in part by serving and filing an objection to such Claim no later than the (i) the Confirmation Date, or (ii) thirty (30) days after the date Proof of such Claim or a request for payment of such claim is filed.

7.5    **Prosecution of Objections.**  After the Confirmation Date, both the Debtor and the Disbursing Agent shall have authority to file, settle, compromise, withdraw or litigate to

30

judgment objections to Disputed Claims, **and** the Debtor shall cooperate with the Disbursing Agent to the extent necessary to resolve such Disputed Claims.

7.6    **No Distribution Pending Allowance.**    Notwithstanding any other provision of the Plan, no payment or Distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Claim are resolved by Final Order.

7.7    **Escrow of Cash Distributions.**    (a) Unless otherwise agreed to in writing by the Disbursing Agent and the holder of any Claim (other than an Unsecured Claim), on the Effective Date the Disbursing Agent shall deposit in one or more segregated accounts, Cash equal to 100% of the Cash to be distributed under the Plan on account of Disputed Claims that would be Allowed Claims but for the pendency of a dispute with respect thereto, including, but not limited to (i) such Disputed Claims entitled to treatment as Administrative Expenses or as Priority Claims pursuant to §§ 503 and 507 of the Bankruptcy Code, (ii) Claims of Governmental Units for any tax, (iii) any disputed cure amount and (iv) any amount due but not payable on the Effective Date on account of Administrative Expenses or Claims entitled to priority pursuant to §§ 503 and 507 of the Bankruptcy Code. The Disbursing Agent shall also segregate any interest, dividends or proceeds of such Cash. Such Cash together with any interest, dividends or proceeds thereof, shall be held in trust for the benefit of the holders of all such Disputed Claims pending determination of their entitlement thereto.

(b)    In determining the amount of the Cash or property to be distributed under the Plan on account of Disputed Claims, the calculation of the Distribution to each holder of an Allowed

Claim in such class shall be made as if all Disputed Claims in the applicable class were Allowed Claims in their respective face amounts.

(c)     The Disbursing Agent shall have the right to seek an Order of the Bankruptcy Court, after notice to the Debtor, the United States Trustee and all creditors, and a hearing, estimating or limiting the amount of Cash or property that must be so deposited.

7.8     **Distribution After Allowance.**  Within thirty (30) days after the allowance of a Disputed Claim, the Disbursing Agent shall distribute from the funds placed in escrow in accordance with Section 6.4 of this Plan all Cash or other property, including any interest, dividends or proceeds thereof, to which a holder is then entitled with respect to any Disputed Claim that has become an Allowed Claim.

7.9     **Surrender of Instruments; Execution of Satisfactions and Releases.**

(a)     Notwithstanding any other provision of the Plan, no Creditor or Interest Holder, that holds a note or other instrument evidencing such Creditor's Claim or Interest may receive any Distribution with respect to such Claim or Interest unless and until the original note or other original instrument evidencing such Claim or Interest shall have been validly surrendered to the Disbursing Agent at the sole cost and expense of such Creditor or Interest Holder.

(b)     Any Cash or property to be distributed pursuant to the Plan on account of any such Claim shall, pending surrender, be treated as an undeliverable distribution pursuant to section 7.13 of the Plan.

(c)     In the event any Creditor or Interest Holder is unable to surrender a Note or other instrument evidencing a Claim against the Debtor that has been destroyed, lost or stolen, such Entity may receive a Distribution with respect to such Claim by presenting to the Disbursing

Agent, in a form acceptable to the Disbursing Agent:  (i) proof of such Entity's title to such Claim; (ii) an affidavit to the effect that the same has been lost and after diligent search cannot be located; and (iii) such indemnification as may be required by the Disbursing Agent and all other Entities deemed appropriate by the Disbursing Agent from any loss, action, suit or any claim whatsoever which may be made as a result of such Entity's receipt of a Distribution under the Plan.

(d)     All questions as to the validity, form or eligibility of any Note or other instrument evidencing a Claim so surrendered shall be resolved by Final Order of the Bankruptcy Court. Neither the Debtor nor the Disbursing Agent shall be under any duty to give notification of defects in such tender or shall incur liability for failure to give notification of such defects.

7.10    **Delivery of Distributions.**  Except as provided in Sections 7.11, 7.12 and 7.13 of the Plan, Distributions to holders of Allowed Claims shall be made: (1) at the addresses set forth on the respective Proofs of Claim filed by such holders; (2) at the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim; or (3) at the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address.

7.11    **Undeliverable Distributions.**  (a)  If the Distribution to the holder of any Claim is returned to the Disbursing Agent as undeliverable, no further Distribution shall be made to such holder unless and until the Disbursing Agent is notified in writing of such holder's then current address.  Undeliverable Distributions shall remain in the possession of the Disbursing Agent until the earlier of (i) such time as a Distribution becomes deliverable or (ii) such

undeliverable Distribution becomes an unclaimed Distribution pursuant to Section 7.14 of the Plan.

7.12    **Unclaimed Distributions.**  Any Cash or other property to be distributed under the Plan shall be retained by the Disbursing Agent if it is not claimed by the Entity entitled thereto before the later of (i) ninety (90) days after the Effective Date or (ii) ninety (90) days after an Order allowing the Claim of that Entity becomes a Final Order and such entity's claim shall be deemed to be reduced to zero.

7.13    **Set-offs.**  The Disbursing Agent may, but shall not be required to set-off against the Distributions to be made pursuant to the Plan, the claims, obligations, rights, causes of action and liabilities of any nature that the Debtor may hold against the holder of an Allowed Claim, provided, however, that neither the failure to effect such a set-off nor the allowance of any claim hereunder shall constitute a waiver or release by the Debtor or the Disbursing Agent of any such claims, obligations, rights, causes of action and liabilities that the Debtor or the Disbursing Agent has or may have against such holder.

## ARTICLE VIII

## INJUNCTION AND RELEASES

8.1    **Injunction**.  Except (a) as otherwise provided in the Plan; or (b) as otherwise provided under the Confirmation Order entered by the Bankruptcy Court, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin with respect to any claim or interest held as of the Effective Date: (y) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Property or property of the Estate that has been, or is to be, distributed under the Plan, and (z) the creation,

perfection or enforcement of any lien or encumbrance against the Property or any property of the Estate that has been, or is to be transferred or distributed under the Plan.

Except as otherwise provided in this Plan or Confirmation Order, the entry of the Confirmation Order shall constitute an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset, from the Debtor, from the Plan Proponent or from the Property or property of the Estate, any claim, obligation or debt that was held by any person or entity as of the Effective Date except pursuant to the terms of the Plan.

8.2    **Limitation of Liability**.  Neither the Plan Proponent, the Disbursing Agent nor any of the Plan Proponent's or Disbursing Agent's respective officers, attorneys, directors, or employees (acting in such capacity) nor any professional person employed by any of them, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement,  or any other action taken or omitted to be taken in connection with the Plan through the Effective Date, except in the case of willful misconduct or criminal conduct.  Nothing in the Plan or the Confirmation Order shall limit the liability of the Debtor's professionals pursuant to Rule 1.8 (h)(1) of the New York State Rules of Professional Conduct.

8.3    Nothing in the Plan or the Confirmation Order shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority

against the Debtor, the Successful Purchaser, or any of its respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns, nor shall anything in the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Released Entities referred to herein for any liability whatever, including without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in this Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Released Entities referred to herein.

8.4    **Plan and Confirmation Order as Release**.  Except as otherwise provided in the Plan, from and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute and may be submitted as a complete defense to any claim or liability released to the extent provided by this Article 8 of the Plan.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

8.2    **Orders in Aid of Consummation.** Pursuant to §§ 105, 1125(e), 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more Orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

8.3    **Compliance with Tax Requirements.**  In connection with the Plan, the Debtor, shall comply with all withholding and reporting requirements imposed by federal, state and local

taxing authorities and distributions under the Plan shall be subject to applicable withholding and reporting requirements; provided, however, that the transfer of any Cash, property or other interest hereunder shall not be subject to any federal, state or local tax to the fullest extent provided under § 1146 of the Bankruptcy Code.

8.4 **Due Authorization by Creditors.** Each and every Creditor who elects to participate in the Distributions provided for under the Plan warrants that it is the lawful owner of such Claim and is authorized to accept the Distributions provided for in the Plan and that there are no outstanding Liens, encumbrances, commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights released, conveyed or modified by the Plan, or obligations undertaken by such Creditor under the Plan.

8.5 **Amendments.** The Plan may be altered, amended or modified, in writing, by the Plan Proponent at any time before the substantial consummation of the Plan, as provided in §§ 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

8.6 **Revocation.** The Plan Proponent may revoke or withdraw the Plan at any time. If the Plan is revoked or withdrawn, or if no Confirmation Order is entered, the Plan shall be null and void, and nothing contained in the Plan shall (i) constitute a waiver or release of any Claims by or against the Debtor; or (ii) prejudice in any manner the rights of the Debtor in any further proceedings involving the Debtor or its Estate.

8.7 **Filing of Additional Documents.** Except as otherwise provided in the Plan, on or before the Effective Date, the Plan Proponent may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

8.8 **Section Headings.** The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

8.9 **Computation of Time.** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

8.10 **Successors and Assigns.** The rights, benefits and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

8.11 **Notices.** All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:     (a) if to the Debtor, to Debtor: Charles E Simpson, Esq., Windels Marx Lane & Mittendorf, 156 West 56th Street, New York, NY 10019;

(b)     if to the Plan Proponent, c/o  Jaspan Schlesinger LLP, 300 Garden City Plaza, Garden City, New York 15530 – Attn:  Frank C. Dell'Amore, Esq.;

(c)     if to any Creditor at (i) the addresses set forth on the applicable Proofs of Claim filed by such holder; (ii) the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim, or (iii) the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address; and

(d)     if to any Entity that has filed a notice of appearance, at the address set forth on such notice of appearance.

9.11 **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other Federal law are applicable, and subject to the provisions of any contract,

instrument, release or other agreement or document entered into in connection with the Plan, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York without giving effect to the principles of conflict of laws thereof.

9.12    **Other Actions.**    Nothing contained herein shall prevent the Plan Proponent or creditors from taking such actions as may be reasonably necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

9.13    **No Discharge.**    Pursuant to 11 U.S.C. § 1141(d)(3), the Debtor shall not receive a discharge in connection with this liquidating Plan.

9.11    **Severability.**    In the event any provision of the Plan is determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

9.12    **Business Day.**    In the event that the Plan requires an act to be performed on a day that is not a Business Day, such act shall be performed on the first Business Day thereafter.

## ARTICLE X

## RETENTION OF JURISDICTION

9.11    **Retention of Jurisdiction.**    Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, until the case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:

(a)    Ensure that the Plan is consummated, and to enter an Order pursuant to § 1142(b) of the Bankruptcy Code, to compel the Debtor and any other necessary party to take such action and execute such documents to effectuate the Plan;

39

(b)      Allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim, including, without limitation, the resolution of any request for payment of any Administrative Expense and the resolution of any and all objections to the allowance or priority of Claims;

(c)      Grant or deny any and all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for any period ending on or before the Effective Date;

(d)      Resolve any motions pending on the Effective Date to assume, assume and assign, or reject any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which the Debtor may be liable and to hear, determine and, if necessary, liquidate, any and all Claims arising therefrom;

(e)      Ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

(f)      Decide or otherwise resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters or grant or deny any applications involving the Debtor that may be pending on the Effective Date;

(g)      Enter such Orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan or Disclosure Statement or to enforce all orders, judgments, injunctions, and rulings entered in connection with the Case;

(h)    Resolve any and all controversies, suits or issues that may arise in connection with the consummation, interpretation or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan;

(i)    Modify the Plan before or after the Effective Date pursuant to § 1127 of the Bankruptcy Code, and modify the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan or Disclosure Statement;

(j)    Cure any defect or omission or reconcile any inconsistency in any Order, the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan, to the extent authorized herein or in the Bankruptcy Code;

(k)    Issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation or enforcement of the Plan;

(l)    Enter and implement such Orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(m)    Determine any dispute arising under or related to the Plan, including, without limitation, any dispute concerning the scope or effect of any release or discharge provided for by the Plan or the Confirmation Order;

(n)    Enter and implement such orders as are necessary or appropriate to implement or consummate the proposed sale of the Property.

(o)    Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with the Plan or Disclosure Statement; and

(p)    Enter an Order or Final Decree concluding the Case.

10.2    **Post-Closing Jurisdiction**.    Notwithstanding the entry of a final decree or an Order closing the case, the Bankruptcy Court shall retain jurisdiction to reopen the case for the purpose of enforcing, by injunction or otherwise, the term of the Plan, the Confirmation Order and any Final Decree, including, without limitation, the enforcement of any rights of the Debtor.

## ARTICLE XI

## CLOSING THE CASE

11.1    **Substantial Consummation**.    Until the occurrence of the Effective Date and Substantial Consummation of the Plan, the Debtor, its property and its creditors shall be subject to further orders of the Bankruptcy Court.    The Plan may be altered, amended, modified or withdrawn by the Plan Proponent at any time before substantial consummation of the Plan, as provided in §§ 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. 11 U.S.C. § 1127 of the Bankruptcy Code authorizes the proponent of a plan of reorganization to modify such plan at any time prior to confirmation of the plan so long as the plan, as modified, continues to meet certain technical requirements of §§ 1122 and 1123 of the Bankruptcy Code with respect to the classification of Claims and Interests and the contents of a plan.    Prior to Confirmation, if a Plan Proponent files modifications to the Plan, pursuant to § 1127(a) "the plan as modified becomes the plan."    No order of the Court is required to

42

modify the Plan under the terms of § 1127(a); however, the proponent of a modification to a plan must comply with § 1125 of the Bankruptcy Code with respect to the plan as modified.

11.2    If the Plan Proponent revokes or withdraws the Plan, or if no Confirmation Order is entered, the Plan shall be null and void, and nothing contained in the Plan shall constitute a waiver or release of any Claims by or against, or any Interest in the Debtor in any further proceedings involving the Debtor.

11.3    Closing the Case.  Within fourteen (14) days following the substantial consummation of the Debtor's Estate, the Disbursing Agent or the Debtor shall file, on notice to the United States Trustee's Office, an application and proposed order seeking a final decree, closing this case pursuant to Bankruptcy Rule 3022.


[This space intentionally left blank]

CDP/D1460581v1/M077065/C0184290

Dated: ~~January 14~~May 22, 2020

**Jaspan Schlesinger LLP**

By: _____
~~Frank C. Dell'Amore, Esq.~~
Christopher D. Palmieri, Esq.
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

*Attorneys for 5th Avenue Mixed Use LLC*


**5TH AVENUE MIXED USE LLC**


By: _____
~~David Aviram, *Manager*~~Jason Leibowitz,
*Authorized Person*

Appendix

| #   | Debtor Name         | Case No.  | Last 4 Digits of EIN |
|-----|---------------------|-----------|----------------------|
| 1.  | 4811 Associates LLC | 19-44263  | 9576                 |
| 2.  | 5505 Associates LLC | 19-44264  | 9596                 |
| 3.  | 5507 Associates LLC | 19-44265  | 9544                 |

CDP/D1460581v1/MO77065/C0184290