UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

|  |  |
|---|---|
| CHU H. KWON, et al., | Case No. 19-44290 (ESS) |
|  | Case No. 19-44263 (ESS) |
| Debtors | Case No. 19-44264 (ESS) |
|  | Case No. 19-44265 (ESS) |
|  | (Jointly Administered) |

-----------------------------------------------------------X

### ORDER AUTHORIZING RETENTION OF DAHIYA LAW OFFICES, LLC AS BANKRUPTCY COUNSEL <u>TO THE DEBTORS</u>

Upon the application (the "Application") of Chu. H. Kwon, 4811 Associates LLC, 5505 Associates LLC and 5507 Associates LLC, jointly administered debtors and debtors in possession (the "Debtors"), for authority pursuant to §327(a) of Title 11 of the United States Code (the "Code") to retain DAHIYA LAW OFFICES, LLC ("DLO") as bankruptcy counsel to the Debtors, and the affirmation of Karamvir Dahiya, principal of DLO, dated June 26, 2020 (the "Dahiya Affirmation") and it appearing that Karamvir Dahiya is an attorney duly admitted to practice in this Court, and the Court being satisfied that DLO represents no interest adverse to the Debtors or to the estate in the matters upon which DLO is to be engaged and that its employment is necessary and in the best interests of the estate; and it further appearing that and due and proper notice of the Application and its exhibits having been served by the Debtors upon the twenty (20) largest unsecured creditors in this case, the Office of the United States Trustee, and all

1

parties who filed requests for notice, and no objection to the relief requested having been filed with the Court, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the Debtors are authorized to retain DLO as bankruptcy counsel to represent the Debtors in the within cases under Chapter 11 of the Code, effective as of June 18, 2020 on the terms and conditions in the Application and the Dahiya Affirmation; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a), DLO shall seek compensation for legal services and reimbursement of expenses upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2014 and E.D.N.Y.L.B.R.2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in DLO's rates, DLO shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase; the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court ~~shall~~ **_may_** retain jurisdiction to

2

hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Engagement Letter, DLO shall not withdraw as Debtors' counsel prior to the effective date of any Chapter 11 plan confirmed in these Chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

**NO OBJECTION:**
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

By:       */s/Rachel Wolf*
           Rachel Wolf, Trial Attorney

Dated: Ovid, New York
         September 17, 2020



**Dated: Brooklyn, New York**
      **September 25, 2020**

                                 **Elizabeth S. Stong**
                            **United States Bankruptcy Judge**