| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re<br><br>CHU H. KWON, et. al.,<br><br>　　　　　　　　　　　　　　　　Debtors.<br>-----------------------------------------------------------x | **Hearing Date: December 17, 2020**<br>**Hearing Time: 10:30 a.m.**<br><br>Case No. 19-42290 (ESS)<br><br>(Chapter 11)<br>Jointly Administered |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE FINAL FEE APPLICATION OF DAHIYA LAW OFFICES, LLC, AS COUNSEL TO THE DEBTORS**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), pursuant to his duties under 28 U.S.C. § 586 (a)(3)(A)(i) and (ii), submits this Objection to the Applications of Dahiya Law Office, LLC ("DLO"), as counsel to Chu H. Kwon, 4811 Associates LLC, 5505 Associates LLC and 5507 Associates LLC (the "Debtors") for the Allowance of Final Fees for Services Rendered and Reimbursement of Expenses (the "Application") and respectfully represents as follows:

## I. INTRODUCTION

The DLO Application seeks an award of over $100,000.00 in fees for services that are disproportionate to the benefit provided to the estates. Moreover, DLO spent an inordinate amount of time researching and preparing pleadings rooted in unusual and arbitrary theories, which unnecessarily complicated bankruptcy cases involving a two-party dispute. In addition, DLO improperly billed the Debtors $27,000.00 for to an email exchange between the United States Trustee and counsel for the secured creditor and billed for duplicate time entries. Based upon the foregoing, the Court should reduce the total fee request of DLO by $48,156.00 and award fees in the amount of $54,804.00. DLO has waived its request for reimbursement of expenses.

## II. JURISDICTION, VENUE, AND STATUTORY PREDICATE

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408. The statutory predicates are Sections 330 and 331 of title 11, of the United States Code (the "Bankruptcy Code"). These matters were initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Case (the "EDNY Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines").

## III. STATEMENT OF FACTS

**General Background**

1. On July 11, 2019, 4811 Associates LLC, 5505 Associates LLC and 5507 Associates LLC (the "SARE Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). See In re 4811 Associates LLC, Case No 19-44263 (ESS); In re 5505 Associates LLC, Case No. 19-44264 (ESS); In re 5507 Associates LLC, Case No. 19-44265 (ESS). Chu H. Kwon signed the petitions of each of the SARE Debtors as managing member. Id. On July 12, 2019, Chu H. Kwon commenced a Chapter 11 case under the Bankruptcy Code as an individual. See Chu H. Kwon, Case No. 19-44290 (ESS), ECF Doc. No. 1.

2. On October 25, 2019, the Court entered an order jointly administering the Debtor's and SARE Debtors' cases under the lead case of <u>In re Chu H. Kwon</u>, Case No. 19-42290 (ESS). <u>See</u> Kwon, ECF Doc. No. 21.

3. No trustee, examiner or committee has been appointed and the Debtors remain in control of their property as debtors-in-possession.

4. The United States Trustee was unable to form an unsecured creditors' committee in the Debtors' cases.

**Retention of Professionals**

5. By Order dated September 25, 2020, the Court authorized the retention of DLO effective as of June 18, 2020 as the Debtors' substitute attorney. ECF Doc. No. 125.

**The Secured Creditor's Plan**

6. On November 10, 2020, the Court confirmed the First Amended Chapter 11 Plan of 5th Avenue Mixed Use LLC, the Debtors' secured creditor, which provides for the auction and sale of the SARE Debtors' properties. ECF Doc Nos. 154, 155, 156.

7. Under the First Amended Plan, 5th Ave is authorized to liquidate the properties of the SARE Debtors and to administer the Plan. <u>Id.</u> Pursuant to a settlement agreement reached with DLO and 5th Ave, 5th Ave agreed to carve out $50,000 from sale proceeds towards payment of DLO's attorneys fees. ECF Doc. No. 122.

8. Upon information and belief, Chu Kwon has not filed a plan of reorganization.

9. On November 20, 2020, the United States Trustee filed a motion to dismiss Kwon's case returnable December 17, 2020. ECF Doc. No. 158.

**The Fee Application**

10. By Application filed November 19, 2020, DLO seeks final allowance and payment of legal fees for the period of June 18, 2020 through October 31, 2020 in the amount of $102,960.00.  DLO is not seeking reimbursement of expenses.  ECF Doc. No. 157.

## IV. **OBJECTION**

### A. **Professional Fees**

Bankruptcy Code Section 330(a)(1) provides that:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to Section 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under Section 327 or 1103 –

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, … or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

To determine reasonableness, Section 330(a)(3) of the Bankruptcy Code provides that:

[t]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

a. the time spent on such services;

b. the rates charged for such services;

c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

>    f.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The fee applicant bears the burden of proof on its claim for compensation. Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.), 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997); see also Howard & Zukin Capital v. High River Ltd. P'ship, No. 05 Civ. 5726 (BSJ), 2007 WL 1217268, at *2 (S.D.N.Y. Apr. 24, 2007) (same); In re CPW Acquisition Corp., No. 08-14623 (JMP), 2011 WL 830556, at 7 (Bankr. S.D.N.Y. Mar. 3, 2011). The failure of an applicant to sustain its burden of proof may result in the denial of the fee request. Brake v. Tavormina (In re Beverly Mfg. Corp.), 841 F.2d 365, 371 (11th Cir. 1988) (affirming district court decision denying applicant's fee request). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. In re Baker, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); see also In re Bennett Funding Group, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) (same).

Even in the absence of an objection, the Court has an independent duty to scrutinize the fee request. In re CCT Commc'ns, Inc., No. 07-10210 (SMB), 2010 WL 3386947, at *4 (Bankr. S.D.N.Y. Aug. 24, 2010) (citing In re Busy Beaver Bldg. Ctrs., Inc., 18 F.3d 833, 841 (3d Cir. 1994)); see also In re Child World, 185 B.R. 14, 17 (Bankr. S.D.N.Y. 1995) (Congress continued to impose this duty upon the courts, which existed under the Bankruptcy Act, when it adopted the Bankruptcy Code by requiring fee applicants to obtain court approval of reasonableness of professional fees.) (citing M. Bienenstock, Bankruptcy Reorganization at 788, n.206 ("To make fee determinations appear as fair as possible the judiciary should retain control of fees, given the sensitivities they generate and the need to promote public confidence in the system.")).

To determine "reasonable compensation," this Court is guided by Section 330(a)(3) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the EDNY Guidelines and the UST Fee Guidelines.  The Court may, on its own motion or on the motion of the United States Trustee for the Region or the District, or any other party in interest, award compensation that is less than the amount of compensation that is requested." In re GSC Group, Inc., No. 10-14653 (AJG), 2012 WL 676409, at *1 (Bankr. S.D.N.Y. Feb. 29, 2012) (additional citation omitted). Fee applications are judged on whether the professionals' actions were reasonable at the time taken.  In re Kohl, 421 B.R. 115, 127 (Bankr. S.D.N.Y.); In re Cenargo Intern, PLC, 294 B.R. 571, 595 (Bankr. S.D.N.Y. 2005).

**B.     The Fees Requested Are Not Commensurate With A Benefit to the Estates**.

While a certain portion of DLO's fees benefited the Debtors' estates, the time records include entries for research and document preparation that appear to be unjustified based upon the nature and circumstances of these jointly-administered chapter 11 cases in which the Debtors had a dispute with 5th Ave, the Debtors' only secured creditor.  DLO researched and prepared documents on subjects including RICO, the Hobbs Act, the Emmons Doctrine, novation and the good faith doctrine.  Some of these research topics appear to be unnecessary as they are basic precepts of legal practice. It is unclear why DLO found it necessary to pursue other areas of research.  Moreover, DLO did not explain the necessity of research and document preparation, and bringing an adversary proceeding against the secured creditor that ultimately resulted in withdrawing of the complaint and settlement providing for the payment of DLO attorney's fees. ECF Doc. No. 122.[1]

---

[1] DLO failed to provide time entries in project categories, as required by the UST Guidelines, which made review of the Application much more difficult.

Attached as Exhibit A are the time records submitted by DLO in connection with this Application. The time entries marked with a "B" are those which the United States Trustee argues did not provide any appreciable benefit to the estates. It is requested that the fees for these time entries be reduced by 70%, or $20,076.00.

The United States Trustee also objects to fees in the amount of $27,000.00 for emails sent on October 14, 2020 to the secured creditor and the United States Trustee. The entry is marked with a "D" on Exhibit A. It is unclear whether the time record is a typographical error. Based upon the foregoing circumstances, DLO's fees should be reduced in the amount of $26,700.00.

Under Section 330, the court may award a professional reasonable fee for services that benefitted the estate. In re D-A-M Liquidating Corp., 2010 Bankr. LEXIS 1064, at*3, Case No. 09-41966 (DEM) (Bankr. E.D.N.Y Mar. 31, 2010). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997), citing In re Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986). The court has an independent burden to review fee applications "lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." In re Keene Corp., 205 B.R. at 695, quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d at 844. Under Section 330, the bankruptcy court has the authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under Sections 327 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); see also Zolfo, Cooper & Co. V. Sunbeam-Oster Co., Inc., 50 F.3d at 262, 263 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses). Here, DLO's fee request is disproportionate to the benefit its services provided to the

estates and should be reduced, for this reason, by $46,776.00 ($20,076.00 relating to unnecessary research and $26,700.00 relating to the emails sent).

**C.     Duplicative Time Entries**

Professionals have a duty to keep costs to the estate at a minimum.  In re Curtis, 70 B.R. 712, 716 (Bankr. E.D. Ark. 1987) (internal citations omitted).  Duplicate time entries are non-compensable under 11 U.S.C. § 330.  The time entries marked with an "C" on the attached time records denotes the duplicative time entries to which the United States Trustee objects.  Based upon the foregoing circumstances, DLO's fees should be reduced by 50% in the amount of $1,380.00 to eliminate the duplicative time entries.

**V.     CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order: (i) reducing the fees requested by DLO in the aggregate amount of $48,156.00 and awarding fees of $165.007.66, as outlined herein; and (ii) granting such other relief as the Court deems just.

Dated:  New York, New York
            December 2, 2020                             Respectfully submitted,

                                                                        WILLIAM K. HARRINGTON
                                                                        UNITED STATES TRUSTEE, REGION 2

                                                             By:      */s/ Rachel Wolf*
                                                                        Rachel Wolf
                                                                        Trial Attorney
                                                                        201 Varick Street, Suite 1006
                                                                        New York, New York 10014
                                                                        Tel. No. (212) 510-0500