UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 11

      CHU H. KWON, et al[1].                            Case No.: 1-19-44290-ess
                                                        Jointly Administered

            Debtor.
------------------------------------------------------------------------x

## STIPULATION AND ORDER APPROVING SETTLEMENT AND FOR RELATED RELIEF

5th Avenue Mixed Use, LLC (the "Secured Creditor"), by and through its counsel, and Windels Marx Lane & Mittendorf, LLP ("WMLM") enter into this *Stipulation and Order Approving Settlement and for Related Relief* (the "Stipulation") and respectfully represent as follows:

**WHEREAS**, on July 11, 2019 (the "Petition Date"), 4811 Associates LLC ("4811"), 5505 Associates LLC ("5505") and 5507 Associates LLC ("5507", together with 4811 and 5505, the "LLC Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and Chu H. Kwon ("Kwon") filed his own individual voluntary petition for Chapter 11 relief on July 12, 2019 before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court");

**WHEREAS**, on October 25, 2019, this Court entered an Order pursuant to Bankruptcy Rule 1015, directing the joint administration of the following Chapter 11 proceedings: In re: Chu H. Kwon, Case No. 19-44290 (ESS) ("Kwon Filing"); In re: 4811 Associates LLC, Case No. 19-44263 (ESS) ("4811 Filing"); In re: 5505 Associates LLC, Case No. 19-44264 (ESS) ("5505 Filing") and In re: 5507 Associates LLC, Case No. 19-44265 (ESS) ("5507 Filing", and together

---

[1] A list of the Debtors in the jointly administered chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.

1

with the Kwon Filing, the 4811 Filing, ***and*** the 5505 Filing ~~and the 5507 Filing, collectively~~, the "Filings").  The Filings were jointly administered, with the Kwon Filing serving as the lead case, under Case No. 1:19-44290-ess (the "Lead Case");

**WHEREAS,** on January 14, 2020, the Secured Creditor filed its *Plan of Reorganization* and *Disclosure Statement for Plan of Reorganization* in each of the respective LLC Debtors' cases (collectively, the "Original Disclosure Statements" and the "Original Plans", respectively), seeking to reorganize each of the LLC Debtors by conducting private sales of their respective Properties to the Secured Creditor, and paying 100% of all claims of the LLC Debtors' respective estates;

**WHEREAS,** on January 23, 2020, the Bankruptcy Court entered an Order (a) Conditionally Approving the Secured Creditor's Original Disclosure Statements and Scheduling a Hearing to Consider Final Approval and (b) setting a Hearing on Confirmation of the Original Plans;

**WHEREAS,** on May 22, 2020, and solely for the purposes of conducting public sales (instead of private sales) of the Properties, the respective Original Plans and Original Disclosure Statements were amended when the Secured Creditor filed its *First Amended Plan of Reorganization for 4811 Associates* (the "4811 Plan"), *First Amended Disclosure Statement to the Secured Creditor's First Amended Plan of Reorganization for 4811 Associates* (the "4811 Disclosure Statement"), its *First Amended Plan of Reorganization for 5505 Associates* (the "5505 Plan"), *First Amended Disclosure Statement to the Secured Creditor LLC's First Amended Plan of Reorganization for 5505 Associates* (the "5505 Disclosure Statement"), its *First Amended Plan of Reorganization for 5507 Associates* (the "5507 Plan", together with the 4811 Plan and the 5505 Plan, the "Plans") and *First Amended Disclosure Statement to the Secured*

*Creditor LLC's First Amended Plan of Reorganization for 5507 Associates* (the "5507 Disclosure Statement", together with the 4811 Disclosure Statement and the 5505 Disclosure Statement, the "Disclosure Statements");

**WHEREAS**, on May 5, 2020, WMLM filed a Motion to Withdraw as Counsel for the LLC Debtors and Kwon [ECF No. 57] to which Secured Creditor filed an Objection [ECF No. 60];

**WHEREAS,** on June 26, 2020, the Court entered an Order Granting the Motion to Withdraw as Counsel of WMLM [ECF No. 84];

**WHEREAS,** on October 5, 2020, WMLM filed a First and Final Application for Compensation (the "Application") [ECF No. 126, as amended 127][2] for their legal services as former counsel to the LLC Debtors and Kwon, seeking final compensation in the amount of $207,514.00 and final reimbursement of expenses in the amount of $8,038.97, for a total amount of $215,552.97 (the "Application Amount"), and for which there is a remaining retainer of $10,000.00;

**WHEREAS,** the Secured Creditor and WMLM have voluntarily reached an amicable resolution of the Application which settlement provides compensation to WMLM as the Debtors' former counsel and shall permit the Secured Creditor's Plans to proceed to confirmation, the terms of which are set forth more fully below.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** in consideration of the mutual covenants herein contained and for other good and valuable consideration, the receipt of and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereto do hereby covenant and agree as follows:

---

[2] Docket numbers indicated herein reflect the filings in the Lead Case only.

1.  The foregoing recitals are true and correct, and are hereby incorporated by reference and shall have the same force and effect as if in the body of this Stipulation. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plans.

2.  Provided that the Plans are confirmed, are not revoked by Secured Creditor, and reach the Effective Date, then on the Effective Date of the Plans, or as soon thereafter as practicable, the Secured Creditor shall supplement the amounts to be paid under the Plans, by providing compensation to the Debtors' former professionals, WMLM, in the total aggregate sum, across all Filings, of $45,000.00 ("Former Counsel Compensation"), provided that the Bankruptcy Court first approves the fees of WMLM in an amount equal to or greater than the amount allocated for Former Counsel Compensation. To the extent that an Order approving WMLM's Application is entered in a sum less than the amount allocated herein for Former Counsel Compensation, then the Secured Creditor shall only be required to fund an amount equal to that lesser amount as contained in such an Order. WMLM shall be entitled to apply the $10,000.00 retainer held by WMLM against the Application Amount, to the extent allowed by the Court. Nothing herein shall obligate Secured Creditor to make any payments to WMLM, including the Former Counsel Compensation, in the event that the Plans are not confirmed, the Plans are revoked by Secured Creditor, or the Plans never reach the Effective Date.

3.  Provided that the Plans are confirmed, are not revoked by Secured Creditor, and reach the Effective Date, then WMLM agrees to accept the Former Counsel

        Compensation in full and final distribution under the Plans of any claim it may have in connection with the Application and Application Amount, and waives its right to seek to collect any additional amounts over and above the Former Counsel Compensation under the Plans or from Secured Creditor.

4. WMLM consents to confirmation of the Plans, and any amendments or supplements thereto.

5. The Bankruptcy Court ~~shall~~ *may* retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation.

6. Secured Creditor may file this Stipulation and/or seek to have it So Ordered by the Court immediately, without further notice to the other party.

7. This Stipulation may be executed in counterparts and when such counterparts are taken together, shall constitute a fully executed Stipulation. Facsimile or electronic signatures shall be deemed to be original signatures.

8. The parties hereto shall, whenever and as often as they shall be requested to do so by the Secured Creditor, promptly cause to be executed, acknowledged or delivered any and all such further instruments and documents as may be necessary or desirable, in the sole discretion of the Lender, in order to carry out the intent and purpose of this Stipulation.

[this space intentionally left blank]

Case 1-19-44290-ess    Doc 164    Filed 12/17/20    Entered 12/18/20 12:52:03

| | |
|---|---|
| Dated: Garden City, New York<br>October 8, 2020<br><br>Jaspan Schlesinger LLP<br>*Attorneys for Secured Creditor* | Dated: New York, New York<br>October 8, 2020<br><br>Windels Marx Lane & Mittendorf, LLP<br>*Former Attorneys for Debtors* |
| By:  S/Christopher D. Palmieri<br>    Christopher D. Palmieri, Esq.<br>    300 Garden City Plaza<br>    Garden City, New York 11530<br>    (516) 393-8221 | By:  S/Charles E. Simpson<br>    Charles E. Simpson, Esq.<br>    156 West 56th Street<br>    New York, New York 10019<br>    (212) 237-1000 |

*IT IS* SO ORDERED.



Dated: Brooklyn, New York
      December 17, 2020

_____
Elizabeth S. Stong
United States Bankruptcy Judge

6

## Appendix

| #  | Debtor Name        | Case No.  | Last 4 Digits of EIN |
|----|--------------------|-----------|----------------------|
| 1. | 4811 Associates LLC | 19-44263 | 9576 |
| 2. | 5505 Associates LLC | 19-44264 | 9596 |
| 3. | 5507 Associates LLC | 19-44265 | 9544 |